CITY OF MARYSVILLE v PATE, HIRN & BOGUE, INC

Docket No. 77733. Submitted February 13, 1986, at Detroit. Decided September 15, 1986. Leave to appeal denied, 428 Mich 855.

The City of Marysville brought an action in St. Clair Circuit Court against Pate, Hirn & Bogue, Inc., seeking damages for structural defects in plaintiff's waste treatment facility. Defendant, a firm of professional engineers, had, pursuant to a contract with plaintiff, prepared the plans and specifications for the facility and had supervised the construction of the facility. The facility had been accepted and occupied by plaintiff in November, 1973. Defendant's involvement with the facility ceased in May, 1975. In 1981, plaintiff became aware of certain structural problems with the facility. Plaintiff commenced its action in August, 1983. Defendant moved for accelerated judgment on the basis of the architects and professional engineers statute of limitation, which provides that actions against architects and professional engineers for damages for injury of property, bodily injury or wrongful death arising out of the defective or unsafe condition of an improvement in which the architect or professional engineer was involved must be brought within six years of the occupancy, use or acceptance of the improvement. Plaintiff argued that the special architects and engineers statute of limitation applied only to injuries to third parties and was not intended to apply to actions for deficiencies in the improvement itself and that, accordingly, the general malpractice statute of limitations applied. The trial court, Ernest F. Oppliger, J., denied defendant's motion for accelerated judgment and determined that the matter was governed by the malpractice provision of the general statute of limitations and the statute which tied the limitation period to the date of discovery of the malpractice. Defendant appealed by leave granted. Plaintiff cross-appealed by leave granted.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Limitation of Actions §§ 27-30, 102-106.

Validity and construction, as to claim alleging design defects, of statute imposing time limitations upon action against architect or engineer for injury or death arriving out of defective or unsafe condition of improvement to real property. 93 ALR3d 1242.

1. The special architects and engineers statute of limitation was intended to apply to actions by third parties and was not intended to apply to actions for damages for defects in the improvement itself. The trial court properly refused to apply the special statute of limitations in this situation.

2. Since the special statute of limitation was not applicable, the malpractice provision of the general statute of limitations and the malpractice statute relative to the discovery of the malpractice is applicable to this situation. Since further factual development was necessary to determine whether the plaintiff's claim was barred by application of the general malpractice period of limitation, the trial court properly denied defendant's motion for accelerated judgment.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

Judicial construction of a statute is appropriate where the language is ambiguous; the cardinal rule of statutory construction is to ascertain and effectuate the Legislature's intent; to that end, statutory language should be construed reasonably with the purpose of the statute and its objectives kept in mind, a statutory provision should be read in its entirety and in connection with the rest of the statute and, whenever possible, the meaning of one section of a statute should be read in harmony with the rest of the statute.

2. LIMITATION OF ACTIONS — ARCHITECTS — ENGINEERS.

The six-year period from the date of occupancy, acceptance or use of an improvement within which an action may be brought against a state licensed architect or professional engineer for damages for injuries arising out of the defective condition of the improvement where such injuries are the result of the architect's or engineer's services with respect to the improvement was enacted primarily to limit actions brought by injured third parties and was not intended to apply to actions brought by the owner of the improvement to recover for defects to the improvement itself; since this special malpractice statute of limitation is not applicable to claims for defects in the improvement itself, actions by the owner of an improvement for defects in the improvement resulting from malpractice of state licensed architects and professional engineers are governed by the general malpractice statutes of limitation (MCL 600.5839; MSA 27A.5839).

*Touma, Watson, Nicholson, Whaling, Fletcher &*

*DeGrow, P.C.* (by *David C. Nicholson* and *Michael L. West*), for plaintiff.

*Sullivan, Ward & Bone, P.C.* (by *Michelle A. Thomas*), for defendant.

Before: M. J. KELLY, P.J., and D. F. WALSH and WAHLS, JJ.

WAHLS, J. As a result of structural defects in its waste treatment facility, plaintiff, the City of Marysville, filed an action against defendant, Pate, Hirn & Bogue, Inc., a firm of professional engineers. Defendant moved for accelerated judgment, asserting that the plaintiff's causes of action were time barred by MCL 600.5839; MSA 27A.5839. The trial court denied the motion, ruling that that statute is inapplicable to actions for damages for the defective condition itself and applied the professional malpractice periods of limitation contained in MCL 600.5805(4); MSA 27A.5805(4) and MCL 600.5838; MSA 27A.5838. Defendant appeals by leave granted on the issues of proper construction of Michigan's architect and professional engineeer statute of limitations and the application of the general malpractice statute of limitations when there is a special statute of limitation. We affirm.

The facts are as follows. Pursuant to a contract entered into between plaintiff and defendant, a waste water treatment facility was constructed. In accordance with the plans and specifications prepared by defendant, the facility was completed under defendant's supervision and was accepted and occupied by plaintiff in November, 1973. Defendant's involvement ceased in May, 1975. In 1981, plaintiff became aware of leaking problems. Other problems soon followed. Plaintiff filed suit in 1983.

Defendant first argues that the trial court erred in determining that MCL 600.5839; MSA 27A.5839, Michigan's architect and engineer statute of limitation, was not applicable to actions for damages for the defective condition itself, but was rather applicable only to actions for injury to persons or other property arising from the defective condition. MCL 600.5839; MSA 27A.5839 reads, in pertinent part, as follows:

> (1) No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement.

A statute is not open to construction by the courts unless the language used in the statute is ambiguous or where reasonable minds may differ. *Sam v Balardo,* 411 Mich 405, 418; 308 NW2d 142 (1981); *Lansing v Lansing Twp,* 356 Mich 641, 649; 97 NW2d 804 (1959). The statute in question is not clear and unambiguous, because minds could differ as to whether the statute applies to damage claims for deficiencies in the structure itself. The ambiguity results from the Legislature's use of the term "arising out of," which is undefined. Therefore, judicial construction of this provision is proper.

The standards to be applied to the process of judicial construction of statutes were summarized in *Cliffs Forest Products Co v Al Disdero Lumber*

*Co,* 144 Mich App 215, 222-223; 375 NW2d 397 (1985):

> The cardinal rule of statutory construction is to ascertain and effectuate the Legislature's intent. *Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959). Statutory language should be construed reasonably and the purpose of the statute and its objective should be kept in mind. *Schoolcraft County Bd of Comm'rs v Schoolcraft Memorial Hospital Bd of Trustees,* 68 Mich App 654; 243 NW2d 708 (1976), *lv den* 397 Mich 838 (1976). A provision should be read in its entirety and in connection with the rest of the statute. Whenever possible the meaning of one section of a statute should be read in harmony with the rest of the statute. Statutes are construed so that their words will have a reasonable meaning. *Wyandotte Savings Bank v State Banking Comm'r,* 347 Mich 33; 78 NW2d 612 (1956).

The legislative intent in enacting this statute was set forth in *O'Brien v Hazelet & Erdal,* 410 Mich 1; 299 NW2d 336 (1980), wherein our Supreme Court declared that this statute was constitutional. In *O'Brien, supra,* p 14, our Supreme Court stated the following regarding the objective that MCL 600.5839; MSA 27A.5839 seeks to achieve:

> The instant legislation was enacted in 1967 in response to then recent developments in the law of torts. The waning of the privity doctrine as a defense against suits by injured third parties and other changes in the law increased the likelihood that persons taking part in the design and construction of improvements to real property might be forced to defend against claims arising out of alleged defects in such improvements, perhaps many years after construction of the improvement was completed. The Legislature chose to limit the

liability of architects and engineers in order to relieve them of the potential burden of defending claims brought long after completion of the improvement and thereby limit the impact of recent changes in the law upon the availability or cost of the services they provided.

See also 97 ALR3d 455, § 4, p 463; 5 Am Jur 2d, Architects, § 25, p 688. Hence, this statute was enacted primarily to limit the engineers' and architects' exposure to litigation by injured third persons as evidenced by the legislation's timing and relation to case law. However, the Legislature never intended this statute to fix the period of limitation in which an owner of an improvement to real property must bring an action against the architect or engineer for professional malpractice committed in the planning or building of the improvement which results in deficiencies to the improvement itself. Unlike the language of other states' statutes, the words selected by Michigan's Legislature make it clear that the statute simply applies when there is an injury ". . . arising out of the defect and unsafe condition . . . ." If there is no causal connection between the defective condition and the injury, the provision does not apply. Similarly, where the suit is for deficiencies in the improvement itself, the injury is the defective condition, hence, the injury does not "arise out of" the defective condition, but, rather, it is the condition. Therefore, claims for deficiencies in the improvement itself do not come within the scope of this special statute of limitation.

In the instant case, the alleged defective conditions are leaking problems involving the "trickling filters" of a "sludge digester" and falling facing bricks off the corner of one of the trickling filters. As stated above, injury to the property itself is not covered under MCL 600.5839; MSA 27A.5839.

Therefore, there was no error in the trial court's determination that that statute was inapplicable.

Defendant also argues that the trial court erred in applying the general malpractice period of limitation provisions contained in MCL 600.5838; MSA 27A.5838 and MCL 600.5805(4); MSA 27A.5805(4) to plaintiff's malpractice action. A special statute of limitation addressing a specific claim always controls over a general statute of limitations. *Hawkins v Regional Medical Laboratories, PC,* 111 Mich App 651, 655; 314 NW2d 450 (1979), aff'd 415 Mich 420 (1982). However, where a special statute of limitation does not apply to a claim, the general statute of limitation should be used. Because the special statute of limitation for architects and engineers did not apply as discussed above, the trial court correctly applied the general malpractice statutes of limitation to plaintiff's claim. Since further factual development was necessary regarding whether plaintiff's claim was barred by the general malpractice statutes of limitation, the trial court did not err in determining that accelerated judgment was improper as to plaintiff's malpractice claim.

Affirmed.