BURROWS v BIDIGARE/BUBLYS, INC

Docket No. 84371. Submitted February 19, 1986, at Detroit. Decided January 7, 1987.

On January 13, 1983, plaintiffs, John H. Burrows, M.D., Eudoro Coello, M.D., and Burrows & Coello Investment Company, demanded arbitration against defendant Bidigare/Bublys, Inc., to resolve a dispute involving alleged deficiencies in improvements to certain real property on which the defendant architectural firm performed services. On April 15, 1983, plaintiffs filed a complaint in the Macomb Circuit Court alleging architectural malpractice against the defendant architectural firm and Frederick J. Bidigare and Aligmantas V. Bublys, the two individual architects who worked on the project. Defendants moved for accelerated judgment claiming that the action was barred by a statute of limitation and by the ongoing arbitration proceedings. The trial court, James C. Daner, J., held that the six-year period of limitation contained in MCL 600.5839(1); MSA 27A.5839(1) was applicable to claims against architects for damages arising out of the defective condition of an improvement to real property. The court also held that any claims against both the architectural firm and the individual architects would be required to be submitted to arbitration. The court granted defendant an accelerated judgment on the latter ground. Plaintiffs then filed an amended demand for arbitration which included the individual architects as respondents.

REFERENCES

Am Jur 2d, Agency § 309.

Am Jur 2d, Appeal and Error §§ 707, 708.

Am Jur 2d, Contracts § 355.

Am Jur 2d, Limitations of Actions §§ 102-106.

Am Jur 2d, Master and Servant § 108.

Failure to cross-appeal as affecting scope of appellate review—Supreme Court cases. 1 L Ed 2d 1820.

Validity and construction, as to claim alleging design defects, of statute imposing time limitations upon action against architect or engineer for injury or death arising out of defective or unsafe condition of improvement to real property. 93 ALR3d 1242.

See also the annotations in the Index to Annotations under Contracts.

Thereafter, the arbitrator awarded the plaintiff doctors $10,003 against the architectural firm. The doctors' claims against the individual architects were denied, as were the claims of Burrows & Coello Investment Company as to all the respondents. Plaintiffs then moved in the circuit court to modify the arbitration award. The circuit court held that the individual architects were fully and personally liable for their negligent acts. The court concluded that the arbitrator must have found that the individual architects and the architectural firm performed their duties negligently or breached their contract. The court concluded that since the individual architects remained personally liable, the arbitrator made an error of law by denying plaintiffs' claims against the architects. The court therefore modified the arbitration award in order to also hold the individual architects personally liable. An order and judgment was entered to that effect on April 8, 1985. The defendant individual architects appeal from the trial court's April 8, 1985, order and judgment and plaintiffs cross-appeal from the earlier circuit court order granting accelerated judgment for defendants and directing arbitration.

The Court of Appeals *held:*

1. Claims for deficiencies in the improvement itself are not governed by MCL 600.5839; MSA 27A.5839. The appropriate statute of limitation is MCL 600.5807(8); MSA 27A.5807(8), which is applicable to breach of contract actions and provides for a six-year limitation period. Plaintiffs' action was brought within the six-year limitation period and is not barred by a statute of limitation.

2. The principles set forth in the Professional Service Corporation Act apply to the defendant corporation regardless of whether the corporation came to life under that statute. Liability is imposed upon an individual under the act only when the claimant has sustained the burden of proving that that individual personally committed a negligent or wrongful act or misconduct which caused the damage, or directly supervised and controlled the person who committed such an act. The proofs presented at the arbitration established that the contract was performed defectively but did not establish which, if either, of the individual defendants was at fault or directly supervised and controlled the person at fault. The trial court thus erred in ordering modification of the arbitration award to impose liability on the individual defendants.

3. Plaintiffs were considered to have abandoned their cross-appeal since they failed to file a brief in support of their cross-appeal.

4. The individual defendants owed plaintiffs no duty imposed

by law. The defendants' duties to the plaintiffs arose out of the contract and, thus, because plaintiffs' claims are based on the defendants' failure to properly perform the contract, plaintiffs' remedies should be limited, as the contract provides, to arbitration.

The order rendering accelerated judgment to the individual defendants on the ground that the plaintiffs' claims in the suit against them were barred by the arbitration agreement and proceeding is affirmed. The order modifying the arbitration award is reversed.

T. M. BURNS, J., dissented. He believes that the trial court improperly modified the arbitration award to hold the individual architects personally liable and improperly granted accelerated judgment in regard to plaintiffs' circuit court complaint. He would modify the arbitration award to eliminate the personal liability of the individual architects and remand to the circuit court for further proceedings regarding plaintiffs' tort cause of action. Judge BURNS would hold that:

1. The trial court erred in granting accelerated judgment on the ground that the claims against the individual architects were required to be submitted to arbitration pursuant to the contract between the doctors and the architectural firm.

2. The situation in this case does not differ from that involving a claim against a tortfeasor for negligently inflicted damage or injury.

3. The individual architects did owe plaintiffs a duty of due care. A common-law duty to exercise ordinary care arose out of the relation in this case.

4. Architects are not shielded from tort liability when they render professional services on behalf of a corporation. Plaintiffs could assert a cause of action in tort against the individual architects.

5. There was no contract between the individual architects and the doctors, thus there was no expressed mutual consent of the parties which would authorize the submission of plaintiffs' tort claims against the individual architects to arbitration.

6. The trial court erred in granting accelerated judgment on the ground that arbitration was required and in modifying the arbitrator's award. The trial court properly declined to grant accelerated judgment in favor of defendants on the basis of the statute of limitation.

7. The applicable statute of limitation is MCL 600.5839(1); MSA 27A.5839(1). The action was timely filed. A distinction should not be made between a suit for injuries "arising out of" an architectural defect and a suit "for the defect" itself. The

statute applies to any action for damages when defective building design is involved. Any harm to the improvement itself is a harm which "arises out of" the defective condition of the improvement.

1. LIMITATION OF ACTIONS — MALPRACTICE — ARCHITECTS AND ENGINEERS — DEFECTIVE CONDITION OF IMPROVEMENTS.

The special malpractice statute of limitation regarding an action against a state licensed architect or professional engineer for damages for injuries arising out of the defective condition of an improvement to real property does not govern claims for deficiencies in the improvement itself; the appropriate statute of limitation is the one applicable to breach of contract actions (MCL 600.5807[8], 600.5839; MSA 27A.5807[8], 27A.5839).

2. TORTS — PROFESSIONAL SERVICE CORPORATION ACT — PERSONAL LIABILITY.

The principles set forth in the Professional Service Corporation Act apply to the individual professionals of a professional corporation who perform professional services as an agent of the corporation regardless of whether the corporation was incorporated under the act; liability is imposed upon an individual under the act only when the claimant has sustained the burden of proving that the particular individual personally committed a negligent or wrongful act or misconduct which caused the damage, or directly supervised and controlled the person who committed such an act (MCL 450.221 *et seq.;* MSA 21.315[1] *et seq.*).

3. APPEAL — PRESERVING QUESTION.

A party's cross-appeal may be considered to have been abandoned where the party failed to file a brief in support of his cross-appeal.

4. TORTS — BREACH OF DUTY — DUTIES IMPOSED BY LAW — EMPLOYEES AND AGENTS.

A tort is, by classic definition, a civil wrong other than a breach of contract; a classic tort action based upon a negligently inflicted injury arises when there is a breach of a duty imposed by law to use care for the safety of another or his property; the fact that the tortfeasor was an employee or agent of another person or corporation does not make him immune from suit for his breach of the duty imposed by law.

5. CONTRACTS — FAILURE OF PERFORMANCE — REMEDIES.

A plaintiff's remedies should be limited to those provided in a contract where the plaintiff's claims are based on the defendant's failure to properly perform the contract.

*Fitzgerald, Hodgman, Rutledge, Cawthorne, King & Manion, P.C.* (by *Vincent C. Rabaut, Jr.*), for plaintiffs.

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Charles Y. Cooper*), for Frederick J. Bidigare and Aligmantas V. Bublys.

Before: J. H. GILLIS, P.J., and T. M. BURNS and W. F. HOOD,* JJ.

W. F. HOOD, J. Plaintiffs, John H. Burrows, M.D., and Eudoro Coello, M.D., are physicians. Defendants, Frederick J. Bidigare and Aligmantas V. Bublys, are professional architects. Defendant Bidigare/Bublys, Inc., is an architectural firm which was formed by the architects.[1]

On August 3, 1976, the two doctors entered into an agreement with Bidigare/Bublys, Inc., in which the architectural firm agreed to perform architectural services relating to a medical clinic which the doctors wanted to have built in St. Clair Shores. The clinic was completed and occupied in October or November of 1977. Considerable glass was apparently used in constructing a "glass curtain wall" in the front of the building. After occupancy, water seeped in and around the windows. According to plaintiffs, water infiltration has interfered with the building's use, produced rot and plywood delamination and decreased the building's value. Plaintiffs indicate that after continued negotiations and failed attempts to cure by the architectural firm, the contractor and the glass subcontractor, a solution was effected by another architect and contractor at a cost of $44,725.

The doctors' contract with Bidigare/Bublys con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The status of Peterson Glass Company, a fourth defendant, is not relevant to this appeal.

tained an arbitration clause. Plaintiffs demanded
arbitration against the architectural firm, Bidi-
gare/Bublys, Inc., on January 13, 1983. On April
15, 1983, plaintiffs filed a complaint in circuit
court against the architectural firm and also
against the two individual architects who had
worked on the project, defendants Frederick Bidi-
gare and Aligmantas Bublys, alleging architec-
tural malpractice on behalf of all three defen-
dants.

On June 28, 1983, defendants moved for acceler-
ated judgment on two grounds: (1) that the claim
was barred by the two-year malpractice period of
limitation, or alternatively, the three-year negli-
gence period of limitation; and (2) that it was also
barred by the ongoing arbitration proceedings. The
circuit court was not persuaded by defendants'
statute of limitation argument, finding that the
six-year period of limitation contained in MCL
600.5839(1); MSA 27A.5839(1) was directly applica-
ble to claims against architects for damages aris-
ing out of the defective condition of an improve-
ment to real property. However, the court was
persuaded by defendants' argument regarding ar-
bitration. The court held that any claims against
both the architectural firm and the individual
architects would be required to be submitted to
arbitration. The court therefore granted acceler-
ated judgment to defendants on that ground.

Plaintiffs then filed an amended demand for
arbitration which included the individual archi-
tects as respondents. On August 30, 1984, the
arbitrator awarded the plaintiff doctors $10,003
against Bidigare/Bublys, Inc. The doctors's claims
against the individual architects were denied. The
claims of plaintiff Burrows & Coello Investment
Company were denied as to all respondents.

On September 24, 1984, plaintiffs moved in the

circuit court for modification of the arbitration award. On February 21, 1985, the circuit court held that the individual architects were fully and personally liable for their negligent acts. The court concluded that the arbitrator must have found that the individual architects and the architectural firm performed their duties negligently or breached their contract. The court concluded that, since the individual architects remained personally liable, the arbitrator made an error of law by denying plaintiffs' claims against the architects. The court therefore modified the arbitration award in order to hold the individual architects personally liable. An order and judgment in accord with the court's holding was entered on April 8, 1985.

Defendants Bidigare and Bublys appeal from the April 8, 1985, order and judgment. Plaintiffs cross-appeal from the circuit court order granting accelerated judgment for defendants and directing arbitration.

We will first address defendants' argument that the trial court erred in denying their motion for accelerated judgment on the ground that plaintiffs' claim was barred by the statute of limitations. Defendants contend that the proper statute of limitations to be applied is MCL 600.5805; MSA 27A.5805, which establishes a two-year limitation for actions charging malpractice and a three-year limitation for other actions to recover damages for injury to person or property, and that the trial court improperly applied MCL 600.5839; MSA 27A.5839, which provides a six-year limitation for actions to recover damages for injury to person or property arising out of unsafe or defective improvements to real property. Defendants submit that the latter statute is inapplicable to suits, such as the instant case, where the claim is for damages for deficiencies in the improvement itself.

After this case was submitted on appeal, another panel of this Court issued an opinion in the case of *Marysville v Pate, Hirn & Bogue, Inc,* 154 Mich App 655; 397 NW2d 859 (1986), which confirms defendants' argument. We agree with defendants and the *Marysville* panel that claims for deficiencies in the improvement itself are not governed by MCL 600.5839; MSA 27A.5839, but disagree that MCL 600.5805; MSA 27A.5805 is applicable.

A claim for damages for deficiencies in the improvement itself is essentially a suit for breach of contract. Defendants' obligation to the plaintiffs in this case arose out of the contract for architectural services. The written contract itself contained no express provisions requiring that architectural services be performed skillfully, carefully and in a professional manner, but as a general rule such an obligation is implied in every contract for work or services. See, 17 Am Jur 2d, Contracts, § 371, p 814. A suit for breach of an implied provision of a written contract is a suit on the written contract.

Several other states have had occasion to rule on the issue of whether suits for damages for deficiencies in the improvement itself are within the coverage of statutes similar to MCL 600.5839; MSA 27A.5839 and have held that they are not. These cases are collected in Anno: *What statute of limitations governs action by contractee for defective or improper performance of work by private building contractors?,* 1 ALR3d 914. The collective cases indicate a general consensus that the appropriate statute of limitation is the one applicable to breach of contract actions. In Michigan, the pertinent statute is MCL 600.5807(8); MSA 27A.5807(8), which provides for a six-year limitation. The instant suit was brought within six years of the time the building was completed and occupied. There-

fore, plaintiffs' action is not barred by the statute of limitation. We therefore find no basis to reverse on this ground.

Defendants next contend that the trial court erred in finding the individual defendants liable by applying the provisions of the Professional Service Corporation Act, MCL 450.221 *et seq.;* MSA 21.315(1) *et seq.* Section 6 of the act provides:

> Nothing contained in this act shall be interpreted to abolish, repeal, modify, restrict or limit the law now in effect in this state applicable to the professional relationship and liabilities between the person furnishing the professional services and the person receiving such professional service and to the standards for professional conduct. Any officer, shareholder, agent or employee of a corporation organized under this act shall remain personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him, or by any person under his direct supervision and control, while rendering professional service on behalf of the corporation to the person for whom such professional services were being rendered. The corporation shall be liable up to the full value of its property for any negligent or wrongful acts or misconduct committed by any of its officers, shareholders, agents or employees while they are engaged on behalf of the corporation in the rendering of professional services. [MCL 450.226; MSA 21.315(6).]

It is defendants' claim that application of the statute was in error because, if allowed the opportunity, defendants would have shown that the defendant corporation was originally incorporated under the Business Corporation Act, MCL 450.1101 *et seq.;* MSA 21.200(101) *et seq.,* and not the Professional Service Corporation Act. This claim is without merit. The contract could not be performed except by the personal services of pro-

fessionally qualified individuals. It would be against public policy to permit such a professional to insulate himself from liability for his personal failure to conform to professional standards, merely because he performs the services as an agent of a corporation. Thus, the principles set forth in the Professional Service Corporation Act would apply regardless of whether the defendant corporation came to life under that statute.

The arbitration award in this case held the corporate defendant liable and the individual defendants not liable. The trial judge ordered modification of the award to impose liability on the individual defendants, reasoning that if the corporation was liable, the individual defendants had to be liable also. This was error.

The principle by which the above-quoted portion of the Professional Service Corporation Act imposed liability upon individuals provides for piercing the corporate shield in a very limited situation. It does not destroy the corporate shield to impose liability on all officers, agents or stockholders as if they were partners. Neither does it impose liability upon an individual just because he worked on the project, even if he was one of only two individuals who worked on the project. Liability is imposed upon an individual only when the claimant has sustained the burden of proving that that particular individual personally committed a negligent or wrongful act or misconduct which caused the damage, or directly supervised and controlled the person who commited such an act.

The decision of the arbitrator was consistent with a finding that the proofs presented at arbitration established that the contract was performed defectively, but did not establish which, if either, of the individual defendants was at fault or di-

rectly supervised and controlled the person at fault.[2]

Plaintiffs have cross-appealed from the trial court's earlier order granting accelerated judgment to defendants on the ground that claims against the individual defendants were subject to the arbitration clause of the contract. Plaintiffs have failed to file a brief in support of their cross-appeal and the cross-appeal therefore may be considered abandoned.

We do point out, however, that the situation here differs from that of a claim against a tortfeasor for negligently inflicted damage or injury. By classic definition, a tort is a civil wrong other than a breach of contract. A classic tort action based upon a negligently inflicted injury arises when there is a breach of a duty imposed by law to use care for the safety of another or his property. The fact that the tortfeasor was an employee or agent of another person or corporation does not make him immune from suit for his breach of the duty imposed by law.

The individual defendants in the instant case owed plaintiffs no duty imposed by law. Regardless of the fact that the individual defendants did not sign the contract in their individual capacities, the defendants' duties to the plaintiffs arose out of that contract and the claim against them is that they failed to perform that contract with professional skill and care. Because plaintiffs' claims are based on the defendants' failure to properly per-

---

[2] Plaintiffs attached to their brief copies of the written final arguments of the parties to the arbitration. Such attachments are not properly part of the record in this case. They demonstrate, however, that plaintiffs' entire argument to the arbitrator was devoted to showing that the problems with the building were due to improper design and to defects in construction that could have been detected if proper inspection had been made. There was no attempt on the part of plaintiffs to zero in as to what individual was responsible for either the defect in design or the negligent inspection.

form the contract, plaintiffs' remedies should be limited, as the contract provides, to arbitration. If the rule were otherwise, the right of a professional corporation to provide in a contract for settlement of contractual disputes by arbitration would be effectively damaged or destroyed. The opposing party would have the option of ignoring the arbitration requirement and suing in court the individual professionals of the corporation.

The order of the trial court rendering accelerated judgment to the individual defendants on the ground that the plaintiffs' claims in the suit against them were barred by the arbitration agreement and proceeding is therefore affirmed.

The order of the trial court modifying the arbitration award is reversed.

J. H. GILLIS, P.J., concurred.

T. M. BURNS, J. (*dissenting*). Because I do not believe that plaintiffs' claims against the individual defendants were barred by the arbitration clause in plaintiffs' contract with defendant corporation, I respectfully dissent. I feel that the majority fails to adequately distinguish between the individual architects' liability in tort and the corporation's liability in contract under the facts of this case.

Plaintiffs filed suit in circuit court against the individual architects alleging that they acted in a tortious manner by committing negligent acts. The circuit court granted accelerated judgment on the ground that the claims were required to be presented to arbitration pursuant to the contract between the doctors and the architectural firm, i.e., the corporation. I believe that the trial court erred by granting accelerated judgment on this ground.

I disagree with the majority's assertion that the situation in this case differs from that involving a claim against a tortfeasor for negligently inflicted damage or injury. That is exactly the type of claim which is involved here. Plaintiffs have asserted a claim of professional malpractice or negligence against the individual architects involved.

Moreover, the individual architects did owe plaintiffs a duty of due care under the circumstances of this case. The individual architects had employment contracts with the architectural firm. Negligent performance of a contract can constitute a tort as well as a breach of contract. In *Clark v Dalman,* 379 Mich 251, 261; 150 NW2d 755 (1967), it was held that breach of a contract may give rise to an action in tort to a third person who is not a party to that contract. The *Clark* Court stated:

> Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. . . . Such duty of care may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part. *Moreover, while this duty of care, as an essential element of actionable negligence, arises by operation of law, it may and frequently does arise out of a contractual relationship, the theory being that accompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract.* But it must be kept in mind that the contract creates only the relation out of which arises the common-law duty to exercise ordinary care. Thus in legal contemplation the contract merely creates the state of things which furnishes the occasion of the tort. This being so, the existence of a contract is ordinarily a relevant factor, competent to be alleged and proved in a

negligence action to the extent of showing the relationship of the parties and the nature and extent of the common-law duty on which the tort is based. [379 Mich 260-261.]

See also *Williams v Polgar,* 391 Mich 6, 18-19; 215 NW2d 149 (1974), and *Khalaf v Bankers & Shippers Ins Co,* 404 Mich 134, 143; 273 NW2d 811 (1978). I believe that a common-law duty to exercise ordinary care arose out of the relation in this case.

Defendant architects have suggested that, because Bidigare/Bublys is incorporated, they are insulated from personal liability. I believe that architects are not shielded from tort liability when they render professional services on behalf of a corporation. Regardless of whether the Business Corporation Act, MCL 450.1101 *et seq.;* MSA 21.200(101) *et seq.,* or the Professional Service Corporation Act, MCL 450.221 *et seq.;* MSA 21.315(1) *et seq.,* is applicable, my conclusion remains the same. The mere fact that an individual architect works for a corporation is irrelevant to his tort liability to an injured third party. Basic tort principles indicate that a tortfeasor may be held liable for his or her negligent acts. The fact that the tortfeasor is an employee of, or working on behalf of, a corporation does not change this principle. Tortfeasors are not insulated from tort liability for their own negligent acts simply because their negligent conduct occurred during the course of employment for a corporation. I must conclude that plaintiffs could assert a cause of action in tort action against the individual architects in this case.

However, liability in tort must be distinguished from liability in contract. The only party which had a contract with plaintiffs was the corporation.

That contract specifically refers to the individual doctors as "the Owner" and Bidigare/Bublys, Inc., Architects, as "the Architect." The individual clauses of the contract repeatedly refer to the the Owner and the Architect. The individual architects are distinguished from the Architect and are referred to as "principals." Basic contract principles and corporate law principles indicate that a person rendering services on behalf of a corporation will not be held personally liable for breach of a contract between the corporation and another party. One must be a party to a contract in order to breach it. Moreover, basic principles indicate that a shareholder or officer of a corporation is generally not personally liable for debts or liabilities of the corporation arising from a breach of contract. Unless special circumstances exist which are recognized under corporate law, the corporation alone is responsible for its own debts and liabilities.

While plaintiffs may have been required to submit their contract claims against the corporation to arbitration, I find no factual support for the claim that plaintiffs were required to submit their tort claims against the individual defendants to arbitration.[1] Expressed mutual consent of the parties is ordinarily required for arbitration. *Horn v Cooke,* 118 Mich App 740, 744; 325 NW2d 558 (1982); *Whitehouse v Hoskins Mfg Co,* 113 Mich App 138, 141; 317 NW2d 320 (1982). See also *St Clair Prosecutor v American Federation of State,*

[1] I do not believe that we are bound to conclude that the claims against the individual defendants are subject to the arbitration clause of the contract simply because plaintiffs have failed to file a brief in support of their cross-appeal. In order to achieve a proper resolution of the issues in this case, it is necessary to determine whether the contract and the arbitration clause were applicable to the individual defendants. Moreover, any questions to be answered in this regard are questions of law and all the facts necessary for their resolution have been appropriately presented.

*County & Municipal Employees,* 425 Mich 204; 388 NW2d 231 (1986). No agreement existed between the doctors and the individual architects in this case. There was only a contract between the doctors and the corporation. Because there was no agreement between the individual architects and the doctors, there is no expressed mutual consent of the parties which would authorize arbitration.

In addition, even if the individual architects had been parties to an agreement with the doctors, they would be required to arbitrate only matters relating to the breach of contract. Plaintiffs did not file suit for breach of contract. Rather, they filed suit for damages resulting from tortious conduct. Thus, the trial court erred in granting accelerated judgment on the ground that arbitration was required.

In light of the foregoing discussion, it is clear that the trial court also erred in modifying the arbitrator's award. The arbitrator awarded plaintiffs $10,003 against Bidigare/Bublys, Inc., for breach of its contract with plaintiffs. I am not persuaded that corporate shareholders, officers or employees should be held responsible for a liability arising out of a contract entered into by the corporation.

Because I believe that the circuit court erred by granting accelerated judgment in favor of defendants on the ground that the claims were required to be submitted to arbitration, I must also determine whether accelerated judgment could properly have been granted on the basis of the statute of limitation. I believe that the trial court properly declined to grant accelerated judgment in favor of defendants on that ground.

The applicable statute of limitation was set forth in MCL 600.5839(1); MSA 27A.5839(1) before

amendment by 1985 PA 188. The relevant portion of that statute stated:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement.

In *O'Brien v Hazelet & Erdal,* 410 Mich 1; 299 NW2d 336 (1980), the Supreme Court held that the six-year restriction on tort liability was constitutional. Moreover, this statute of limitation is specifically applicable to architects and, thus, controls over the more general malpractice or negligence statutes of limitation. See *Hawkins v Regional Medical Laboratories, PC,* 111 Mich App 651, 655; 314 NW2d 450 (1979), aff'd in part 415 Mich 420; 329 NW2d 729 (1982). Because plaintiffs brought their cause of action within six years after occupancy, use or acceptance, the action was timely filed.

I disagree with the majority and with the panel in *Marysville v Pate, Hirn & Bogue, Inc,* 154 Mich App 655; 397 NW2d 859 (1986), that a distinction should be made between a suit for injuries "arising out of" an architectural defect and a suit "for the defect" itself.

First, the statute explicitly applies to actions to recover damages for *any injury* to property, real or personal, *arising out of* a defective condition of an

improvement. Such broad language indicates the Legislature's intent to make the statute applicable to any action for damages when defective building design is involved. The Legislature determined that a special six-year period of limitation was necessary in cases involving negligent design or supervision of construction of buildings apparently because many structural defects are not readily discoverable soon after a building's completion. However, the Legislature also chose to limit the liability of architects and engineers in order to relieve them of the potential burden of defending claims brought long after completion of the improvement. *O'Brien, supra,* p 14. As indicated by the Supreme Court in *O'Brien, supra,* p 16, the Legislature could reasonably have concluded that allowing suits against architects and engineers to be maintained within six years from the time of occupancy, use or acceptance of an improvement would allow sufficient time for most meritorious claims to accrue and would permit suit against those guilty of the most serious lapses in their professional endeavors. To hold that this statute is inapplicable to actions to recover for the damage to the improvement itself because of an improper design would defeat one of the main purposes of the Legislature in enacting the statute. The policies underlying the need for this statute are the same regardless of the exact nature of the harm which results from a defective design. I believe that any harm to the improvement itself is harm which "arises out of" the defective condition of the improvement.

In their complaint, plaintiffs alleged that their damages included disruption of the use of the building, building deterioration, delamination of outer plywood, decrease in building value and the

costs associated with replacement of the defective
glass curtain wall and related materials. Thus, the
plaintiffs have filed an action to recover damages
for injury to property which arises out of a defec-
tive condition of an improvement to real property.
The six-year limitation period is therefore applica-
ble and plaintiffs have timely filed.

In conclusion, while I believe that the trial court
improperly modified the arbitration award to hold
the individual architects personally liable, I also
believe that the trial court improperly granted
accelerated judgment in regard to plaintiffs' circuit
court complaint.

I would modify the arbitration award to elimi-
nate the personal liability of the individual archi-
tects and remand the case to the circuit court for
further proceedings regarding plaintiffs' tort cause
of actions.