OSTROTH v WARREN REGENCY, GP, LLC

Docket No. 245934. Submitted June 2, 2004, at Detroit. Decided July 8, 2004, at 9:00 A.M. Leave to appeal sought.

Ellen M. and Thane Ostroth and Jennifer L. and Brian D. Hudock brought an action in the Macomb Circuit Court against Warren Regency, G.P., L.L.C., and Warren Regency Limited Partnership (a property manager and building owner), and others for personal injuries sustained by Ellen Ostroth and Jennifer Hudock that resulted from environmental hazards arising from a renovation project at their workplace. After receiving a notice of fault of nonparties under MCR 2.112(K), the plaintiffs added as a defendant Edward Schulak, Hobbs & Black, Inc., an architectural firm involved in the renovation project. Defendant Edward Schulak moved for summary disposition, asserting that the two-year statute of limitations for professional malpractice, MCL 600.5805(4), now MCL 600.5805(6), barred the plaintiffs' action. The court, Mark S. Switalski, J., granted summary disposition in favor of the defendant on the basis of its holding that § 5805(4) applied rather than MCL 600.5839(1), which set forth a six year period of limitations for claims against architects. Jennifer and Brian Hudock appealed as of right.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion when it allowed the defendant to amend its affirmative defenses after filing its motion for summary disposition to include the statute of limitations, MCL 600.5805(4), as a defense. There was no showing of undue delay, bad faith, dilatory motive, or undue prejudice to the plaintiffs. Moreover, the mere fact that an amendment might cause a party to lose on the merits is not enough to establish prejudice.

2. MCL 600.5839(1) precludes a person from bringing an action to recover damages for personal injuries against a licensed architect more than six years after the time of occupancy of the completed improvement, use, or acceptance, or one year after the defect is discovered or should have been discovered. However, the statute bars the maintenance of any action more than ten years

after the time of occupancy, use, or acceptance of the improvement. Section 5839(1) operates as both a statute of limitations and a statute of repose.

3. The trial court erred by granting the defendant's motion for summary disposition. The specific statute of limitations for malpractice actions against architects, MCL 600.5839(1), controls over the general two-year statute of limitations for professional malpractice, MCL 600.5805(4).

Affirmed in part, reversed in part, and remanded.

*Donnelly W. Hadden, P.C.* (by *Donnelly W. Hadden*), and *Ball & Ball, L.L.P.* (by *Bettie K. Ball*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Ronald S. Lederman*), for Edward Schulak, Hobbs & Black, Inc.

Before: SMOLENSKI, P.J., and WHITE and KELLY, JJ.

SMOLENSKI, P.J. Plaintiffs Ellen M. Ostroth and Jennifer L. Hudock, along with their husbands, Thane Ostroth and Brian D. Hudock, filed this action in May 2000. Plaintiffs alleged that Ellen Ostroth and Jennifer Hudock sustained personal injuries as a result of environmental hazards arising from the renovation of their workplace. Defendant Edward Schulak, Hobbs & Black, Inc., the architectural firm for the renovation project, was added as a party in plaintiffs' first amended complaint. Defendant moved for summary disposition, alleging that the plaintiffs' claims were barred by the statute of limitations. The trial court, relying on the two-year statute of limitations applicable to professional malpractice claims, MCL 600.5805(4),[1] granted

---

[1] MCL 600.5805 was amended by 2000 PA 2 and 2000 PA 3, effective February 17, 2000, and 2002 PA 715, effective March 31, 2003. Former subsection 4 now appears as subsection 6.

the motion. The Hudock plaintiffs now appeal as of right.[2] We affirm in part, reverse in part, and remand.

### I. BACKGROUND

Plaintiff Jennifer Hudock alleged that she was an employee of Campbell-Ewald Advertising Company from April 24, 1998, through August 24, 1998, and worked at 12222 East Thirteen Mile Road, Warren, Michigan. That building was in the possession of Warren Regency G.P., L.L.C., and Warren Regency Limited Partnership. Warren Regency Limited Partnership was the property manager for the building and contracted with defendant for architectural services involving renovation of the building.

In her complaint, plaintiff alleged that work performed by contractors on the building during a renovation project created a hazardous environment; specifically, "[t]he building was designed and constructed with inadequate heating, cooling, ventilation and plumbing systems." Among the hazards plaintiff allegedly was exposed to were fungus, mold, bacteria, formaldehyde, and carbon dioxide. Plaintiff claimed that she suffered from "[s]evere lung and neurologic [sic] disease" as a result of the environmental hazards in the building.

Defendant was first identified as a possible nonparty wholly or partially at fault in this case on June 28, 2000, when an originally named defendant filed a notice of fault of nonparties under MCR 2.112(K). Plaintiffs moved to amend their complaint to add defendant as a party and their motion was granted on October 16,

---

[2] Because the Ostroths are not parties to this appeal, and because plaintiff Brian Hudock's claims are derivative of his wife's claims, the term "plaintiff," as used in this opinion, refers only to plaintiff Jennifer Hudock. The use of the plural "plaintiffs" refers to all the parties named as such in the complaint.

2000. On November 14, 2000, plaintiffs filed an amended complaint that added defendant as a party and alleged a claim of negligence against defendant as the architect of the renovation project.

Defendant subsequently filed a motion for summary disposition challenging the merits of plaintiff's claim. However, in its supporting brief, defendant's main argument asserted that plaintiff's claim was barred by the statute of limitations. In response, plaintiff argued that defendant waived the statute of limitations defense because it did not include it as an affirmative defense in any of its responsive pleadings. Defendant then moved for leave to amend its affirmative defenses to add the statute of limitations defense. Defendant contended that it did not previously assert the defense because it did not have information earlier regarding when plaintiffs first had notice of the potential claims against defendant. Moreover, defendant argued that plaintiff would not be prejudiced because discovery was not scheduled to close until June 14, 2002, and an amendment would not affect other deadlines in the case, including the filing of witness lists. Without explanation, the court permitted defendant to amend its affirmative defenses.

In response to defendant's statute of limitations defense, plaintiff argued that the applicable period of limitation for this case was six years, as prescribed in MCL 600.5839(1). Plaintiff further argued that because a certificate of occupancy was never produced for the building, she did not know that defendant could be culpable until the notice of possible nonparty fault was filed. Plaintiff maintained that her claim was therefore timely under the circumstances. Defendant argued that § 5839 was only a statute of repose and because plaintiffs had filed their complaint within six years, the

statute was inapplicable. Defendant argued that § 5805(4), pertaining to professional malpractice, provided the applicable period of limitations. The trial court agreed and granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) on the basis that plaintiffs had not filed their complaint within the two-year limitations period.

## II. DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSES

Plaintiff first argues that the trial court erred in allowing the defendant to amend its affirmative defenses to include the statute of limitations as a defense. We review the trial court's decision for an abuse of discretion. *Cole v Ladbroke Racing Michigan, Inc,* 241 Mich App 1, 9; 614 NW2d 169 (2000). Leave to amend should be freely granted when justice so requires. MCR 2.118(A)(2). However, leave to amend should not be granted in the face of undue delay, bad faith, or dilatory motive on the part of the movant, or undue prejudice to the opposing party by virtue of allowance of the amendment. *Cole, supra* at 9-10. Although defendant failed to assert the statute of limitations in its previous answers to plaintiff's complaint, and did not move to amend its affirmative defenses until after it raised the statute of limitations defense in its motion for summary disposition, we do not find that defendant's lack of action was the result of bad faith or undue delay. And the amendment did not prejudice plaintiff's ability to respond to the issue. *Id.* at 10. The mere fact that an amendment might cause a party to lose on the merits is not sufficient to establish prejudice. See *Knauff v Oscoda Co Drain Comm'r,* 240 Mich App 485, 493; 618 NW2d 1 (2000). Therefore, we conclude that the trial court did not abuse its discretion in allowing the amendment.

### III. DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

However, we do find that the trial court erred in granting defendant's motion for summary disposition. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). Summary disposition may be granted under MCR 2.116(C)(7) when an action is barred because of the statute of limitations. We review such a motion under the following standard:

> A defendant who files a motion for summary disposition under MCR 2.116(C)(7) may (but is not required to) file supportive material such as affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3); *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). If such documentation is submitted, the court must consider it. MCR 2.116(G)(5). If no such documentation is submitted, the court must review the plaintiff's complaint, accepting its well-pleaded allegations as true and construing them in a light most favorable to the plaintiff. [*Turner v Mercy Hosp & Health Services of Detroit,* 210 Mich App 345, 348; 533 NW2d 365 (1995).]

The central issue on appeal is whether the two-year statute of limitations for malpractice claims, MCL 600.5805(4), the three-year general statute of limitations for negligence actions, MCL 600.5805(8),[3] or the specific six-year statute of limitations applicable to professional negligence claims against architects, engineers, and contractors, MCL 600.5839, applies in this case. We hold that MCL 600.5839 applies to plaintiff's negligence claim against defendant, and, therefore, her cause of action is not time-barred.

#### A. MCL 600.5839 AND THE *O'BRIEN* DECISION

MCL 600.5839(1) currently states:

---

[3] Former subsection 8 now appears as subsection 10.

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.[4]

There is no question that this statute operates as a statute of repose, preventing a cause of action from ever accruing when the injury is sustained or an accrued action is brought more than six years after the date of occupancy of the completed improvement, or use, or acceptance of the improvement. *O'Brien v Hazelet & Erdal*, 410 Mich 1, 15; 299 NW2d 336 (1980); *Smith v Quality Constr Co*, 200 Mich App 297, 301; 503 NW2d 753 (1993). In such a case, "the injured party 'literally has *no* cause of action. The harm that has been done is *damnum absque injuria-* a wrong for which the law affords no redress.' " *Smith, supra* at 301, citing *O'Brien, supra* at 15-16 n 19, quoting *Rosenberg v Town of North Bergen*, 61 NJ 190; 293 A2d 662 (1972) (emphasis in original).

---

[4] This statute was originally enacted in 1967, 1967 PA 203, and was amended in 1985, 1985 PA 188. The current version is quoted here.

Our Supreme Court in *O'Brien* also addressed the statute's function as a statute of limitations. Agreeing with the Court of Appeals panel in *Oole v Oosting*, 82 Mich App 291; 266 NW2d 795 (1978), the *O'Brien* Court stated that § 5839 was "both one of limitation and one of repose." *O'Brien, supra* at 15. The Court explained that where actions accrue within six years from occupancy of the completed improvement, or use, or acceptance of the improvement, *"the statute prescribes the time within which such actions may be brought and thus acts as a statute of limitations." Id.* (emphasis added). Therefore, *O'Brien* held that § 5839 operates as a statute of limitations until the limitations period expires, after which the statute operates as a statute of repose.

### B. AMENDMENTS OF MCL 600.5805 AND MCL 600.5839

Five years after the *O'Brien* decision, § 5839 was amended[5] to permit a one-year discovery provision applicable to gross negligence claims, with a final limitation of ten years. *Beauregard-Bezou v Pierce*, 194 Mich App 388, 391-392; 487 NW2d 792 (1992). Thus, the amendment added a "discovery" limitations period and a maximum repose period, which apparently addressed the due process concerns noted in *O'Brien, supra.*[6] Before the amendment, there was no such discovery aspect to § 5839. As this Court stated in *Fennell v John J Nesbitt, Inc*, 154 Mich App 644, 649; 398 NW2d 481 (1986):

---

[5] 1985 PA 188.

[6] The *O'Brien* Court stated, "To a plaintiff whose injury occurred and whose right of action thus vested shortly before expiration of the six-year period, the statute arguably might deny due process by failing to 'afford a reasonable time within which suit may be brought.'" *Id.* at 15 n 18 (citation omitted).

> We do not read MCL 600.5839; MSA 27A.5839 as a "discovery" statute of limitations. Rather, we find that its operation is predicated upon the time of occupancy or use or acceptance of the improvement. We are unable to conclude that the commencement of the six-year limitations period is contingent upon a plaintiff's injury or discovery of injury.

To conclude otherwise would defeat the repose aspect of the statute. *Id.*

The amendment also extended to contractors the protection against stale claims and open-ended liability previously only afforded to architects and engineers. Before this amendment, negligence claims against contractors were governed by the three-year statute of limitations, MCL 600.5805(8). *Bluemlein v Szepanski,* 101 Mich App 184, 189-190; 300 NW2d 493 (1980). Also, § 5839 was held to be constitutional in that it did not violate a contractor's right to equal protection. *O'Brien, supra* at 16-19; *Cliffs Forest Products Co v Al Disdero Lumber Co,* 144 Mich App 215, 220; 375 NW2d 397 (1985). As a result of the amendment, § 5805(8) was no longer applicable to contractors.

Subsequently, § 5805, which contains the general statutes of limitations, was amended[7] and specifically referenced § 5839. MCL 600.5805(10)[8] states:

> The period of limitations for an action against a state licensed architect, professional engineer, land surveyor, or contractor based on an improvement to real property shall be as provided in section 5839.

The addition of this subsection seems to reinforce the *O'Brien* Court's opinion that MCL 600.5839 is not only a statute of repose, but also a statute of limitations.

---

[7] 1988 PA 115.

[8] Former subsection 10 now appears as subsection 14.

In *Michigan Millers Mut Ins Co v West Detroit Bldg Co, Inc*, 196 Mich App 367, 378; 494 NW2d 1 (1992), this Court addressed the effect of § 5805(10) on § 5839 and held that the amendment reflected the Legislature's intent to apply the limitations periods contained in § 5839(1) to all actions against contractors and state licensed architects and engineers, regardless of whether the plaintiff was a third party or had privity with the defendant. While this distinction in the plaintiff's classification is not an issue before us, the *Michigan Millers* Court's discussion of the Legislature's intent in enacting § 5805(10) and its effect on § 5839 is pivotal to our analysis of which statute of limitations is applicable in this case.

In *Michigan Millers*, the plaintiffs argued that § 5839(1) did not govern their claims because they were building owners claiming damages for defects in the improvement itself and not third parties whose injuries "arose out of" the defective improvement. Instead, the plaintiffs asserted that the three-year period of limitation in § 5805(8) applied to their claims. The plaintiffs relied on several Court of Appeals cases, *Burrows v Bidigare/Bublys, Inc*, 158 Mich App 175; 404 NW2d 650 (1987), *Midland v Helger Constr Co, Inc*, 157 Mich App 736; 403 NW2d 218 (1987), and *Marysville v Pate, Hirn & Bogue, Inc*, 154 Mich App 655; 397 NW2d 859 (1986), which held that MCL 600.5839(1) only applied to third-party actions. *Michigan Millers, supra* at 371. In determining that the addition of § 5805(10) was meant to overrule the judicially created exception used in these cases, the Court looked to the legislative history surrounding the amendment, which specifically mentioned *Burrows, supra*.

> The bill would ensure that, in future claims against engineers, architects, and contractors, the interpretation of

the dissenting judge in the *Burrows* case would prevail. Architects, engineers, and contractors should be protected from suits charging malpractice or negligence in building improvements after a significant time has passed since the actual performance of the work. It is unfair for these professionals to be vulnerable to lawsuits years after a project has been completed, and State law already offers protection against such vulnerability for injuries "arising out of the defect or unsafe condition of an improvement to real property." Reportedly, the Legislature meant that protection to include all suits brought against architects, engineers, and contractors for defects or unsafe conditions in an improvement to real property. The bill would ensure that such protection was extended to include suits claiming damages for defects in the improvement itself as well as those for damages "arising out of the defect." [*Michigan Millers, supra* at 376, quoting Senate Fiscal Agency Analysis, SB 478, October 21, 1987, and Senate Fiscal Agency Analysis, SB 478, June 22, 1988.]

*Burrows* involved a claim of professional malpractice or negligence against certain individual architects. In his dissenting opinion, Judge BURNS asserted that the applicable period of limitations was the special six-years-from-occupancy provision in § 5839. *Burrows, supra* at 191. Citing our Supreme Court's decision in *O'Brien, supra*, as support for his position, Judge BURNS contended that "this statute of limitation is specifically applicable to architects and, thus, controls over the more general malpractice or negligence statutes of limitation." *Id.* Judge BURNS concluded that the plaintiffs' action was timely filed because it was brought within six years after occupancy, acceptance, or use of the improvement. *Id.*

Relying on Judge BURNS' dissent in *Burrows* and the legislative history surrounding the enactment of § 5805(10), the *Michigan Millers* Court held that the Legislature's intent "was to apply the statute of limita-

tion contained in § 5839(1) to all actions brought against contractors [architects, and engineers] on the basis of an improvement to real property, including those brought by owners for damage to the improvement itself." *Michigan Millers, supra* at 378. Accordingly, the Court concluded that because the plaintiffs' claim was brought more than six years after the use of the improvement, it was time-barred.

C. THE *WITHERSPOON* DECISION

Therefore, *O'Brien* and *Michigan Millers* indicate that § 5839(1) is indeed both a statute of limitations and of repose. But defendant argues that pursuant to *Witherspoon v Guilford*, 203 Mich App 240; 511 NW2d 720 (1994), the six-year limitations period does not preclude application of a general limitations period in § 5805 when the cause of action has accrued and been brought within six years after occupancy, use, or acceptance of the improvement. Specifically, the issue in *Witherspoon* was, "recognizing that § 5839 is a specific statute of limitations, which normally controls over a general statute of limitations, *Michigan Millers, supra* at 374, the question is whether § 5839, in tandem with § 5805(10), renders § 5805(8) inapplicable." *Witherspoon, supra* at 246.

*Witherspoon* involved an automobile accident in which, after striking a guardrail, the decedent became airborne and crashed into a tree. The defendant Adrian Fence Company had constructed and installed the guardrail. The Court held:

> We understand § 5839, together with § 5805(10), to set forth an emphatic legislative intent to protect architects, engineers, and contractors from stale claims. However, because we must interpret the statute as a whole, reading each section in harmony with the rest of the statute,

*Michigan Millers, supra,* we do not understand those provisions to expand the general three-year period of viability for injury claims under § 5805(8) to a six-year period insofar as the claims apply to those protected by § 5839. While it is possible, as plaintiff argues, that the Legislature intended to expand the period of liability as a "trade-off" for the protection afforded by the provision, we find no hint of such an intent in the provision itself or elsewhere. Moreover, our adoption of this interpretation would necessarily render § 5805(8) nugatory in such cases, an effect that this Court must avoid in construing statutes. *Id.* Because the Legislature in enacting these provisions did not clearly indicate that it intended through § 5839 to breathe additional life into claims that would otherwise have expired under § 5805(8), we choose not to read that intention into the statute. [*Id.* at 247.]

Thus, *Witherspoon* applied the three-year statute of limitations to the plaintiff's claim and found that the trial court properly granted the defendant Adrian Fence summary disposition because the plaintiff filed her complaint three years and one day after the accident. *Id.* at 247-248.

We believe that *Witherspoon* was wrongly decided. Citing *O'Brien,* the *Witherspoon* Court stated that "[t]he effect of [§ 5839] was one of both limitation and repose[.]" *Witherspoon, supra* at 245. Yet, in its effort to abide by the general rules of statutory construction, the Court concluded that application of § 5805(8) could not be precluded where the claim was one of negligence against an architect, engineer, or contractor and was brought within six years after use, acceptance, or occupancy of an improvement because to hold otherwise "would necessarily render § 5805(8) nugatory." *Id.* at 247. But such a result is not impermissible in this case because, as *Witherspoon* and *Michigan Millers* noted, a specific statute of limitations controls over a general statute of limitations. *Witherspoon, supra* at 246;

*Michigan Millers, supra* at 374. The rules of statutory construction merely serve as guides to assist in determining intent with a greater degree of certainty. *Morris & Doherty, PC v Lockwood*, 259 Mich App 38, 43-44; 672 NW2d 884 (2003). They should not be applied blindly. *Marquis v Hartford Accident & Indemnity*, 444 Mich 638, 644; 513 NW2d 799 (1994).

Inexplicably, *Witherspoon* rejected the plaintiff's suggestion that the extended period of limitations in § 5839(1) was a "trade off" for the greater protection afforded by the repose aspect of the statute, finding no legislative intent. But in *O'Brien, supra* at 16, our Supreme Court stated:

> By enacting a statute which grants architects and engineers complete repose after six years rather than abrogating the described causes of action *in toto, the Legislature struck what it perceived to be a balance between eliminating altogether the tort liability of these professions and placing no restriction other than general statutes of limitations upon the ability of injured plaintiffs to bring tort actions against architects and engineers.* The Legislature could reasonably have concluded that allowing suits against architects and engineers to be maintained within six years from the time of occupancy, use, or acceptance of an improvement would allow sufficient time for most meritorious claims to accrue and would permit suit against those guilty of the most serious lapses in their professional endeavors. [Emphasis added.]

As the *Michigan Millers* Court recognized, by enacting § 5839(1) and later § 5805(10), the Legislature knowingly and necessarily abrogated the applicability of the general statutes of limitations for professional negligence, § 5805(4), and ordinary negligence, § 5805(8). The Legislature is presumed to be familiar with the rules of statutory construction and to have considered the effect of a new law on existing laws.

*Alma Piston Co v Dep't of Treasury*, 236 Mich App 365, 370; 600 NW2d 144 (1999). And once the Legislature's intent is determined, it must prevail regardless of any conflicting rule of statutory construction. *Terzano v Wayne Co*, 216 Mich App 522, 527; 549 NW2d 606 (1996). Hence, the reason the *Michigan Millers* Court rejected the plaintiffs' contention that § 5805(8) applied to its claims rather than § 5839.

Indeed, *Witherspoon* even recognized that the Legislature enacted § 5805(10) "to underscore its intent to grant § 5839 *primacy over other arguably applicable periods of limitation*, running from the time of discovery, whose effect would defeat the repose aspect of § 5839." *Witherspoon, supra* at 246, citing *Michigan Millers* (emphasis added). Accordingly, the holding in *Witherspoon*, that § 5805(8) is applicable to negligence actions against "those protected by § 5839," is simply inconsistent. In construing a statute, a court should not do so at the expense of common sense. *Farmers Ins Exch v AAA of Michigan*, 256 Mich App 691, 695; 671 NW2d 89 (2003).

Our conclusion is also supported by another Court of Appeals decision released three years after *Witherspoon*. Following *O'Brien*, this Court in *Travers Lakes Community Maintenance Ass'n v Douglas Co*, 224 Mich App 335, 341; 568 NW2d 847 (1997), held that the trial court erred in applying the general three-year statute of limitations for ordinary negligence claims to the plaintiff's negligence claim against the contractor, defendants Douglas and Burlington. In that case, the plaintiff's claim accrued at the latest by September 1988 and the complaint was filed in September 1993. *Id.* at 339-340. Because the plaintiff filed its complaint within six years from the occupancy, use, or acceptance of the completed construction project, the Court concluded

that the plaintiff's claim should not have been dismissed on the basis that the period of limitation had run. *Id.* at 342-343. Notably, this case made no reference to the *Witherspoon* decision.

### D. CONCLUSION

Therefore, the holding in *Travers Lakes* is in direct conflict with that of *Witherspoon*. Generally, we would be bound to follow the precedent established by *Witherspoon* as it was decided before *Travers Lakes*. MCR 7.215(J)(1). However, we find that our Supreme Court's decision in *O'Brien* and this Court's decision in *Michigan Millers,* which was decided two years before *Witherspoon,* are controlling. Pursuant to the doctrine of stare decisis, *People v Hall,* 249 Mich App 262, 270; 643 NW2d 253 (2002), and Michigan's "first out" rule, MCR 7.215(J)(1), we are required to follow these decisions, which, incidentally, we believe were decided correctly.

Because *O'Brien, supra* at 15, held that § 5839 was both a statute of limitations and a statute of repose, and the subsequent amendments of § 5839 and § 5805, as discussed in *Michigan Millers,* affirm this position, we find that the trial court erred in applying the two-year statute of limitations set forth in § 5805(4). We hold that the special six-year statute of limitations in § 5839(1) applies to all negligence actions against architects, contractors, and engineers. Because plaintiff's complaint was filed within six years after the time of occupancy of the completed improvement, use, or acceptance of the improvement,[9] her cause of action

---

[9] Although the record is unclear with respect to the exact date of occupancy, use, or acceptance, there is no dispute that plaintiff's complaint was filed within six years given that defendant was hired in January 1998.

against defendant is still viable. Accordingly, we reverse the trial court's judgment granting summary disposition in favor of defendant.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.