TRAVER LAKES COMMUNITY MAINTENANCE ASSOCIATION v DOUG-
LAS COMPANY

Docket No. 182054. Submitted October 1, 1996, at Detroit. Decided June
27, 1997, at 9:00 A.M. Leave to appeal sought.

Traver Lakes Community Maintenance Association brought an action
in the Washtenaw Circuit Court against The Douglas Company,
Windemere I Limited Partnership, Burlington Construction, and
others, alleging negligence and trespass as a result of a build-up of
sediment in the plaintiff's pond system following Windemere's con-
struction of the nearby Windemere Apartment complex. Douglas
was the general contractor and Burlington a subcontractor
involved in the construction of the Windemere Apartment complex.
Windemere, Douglas, and Burlington sought summary disposition
on the basis that the period of limitation had run. The plaintiff
opposed the motion and brought a motion seeking leave to amend
its complaint to add a count of nuisance. The court, William F.
Ager, Jr., J., granted the defendants' motion for summary disposi-
tion and denied the plaintiff's motion for leave to amend. The court
held that the proposed amendment was untimely and that adding a
nuisance count would be futile because no evidence had been pro-
duced to show that the defendants exercised possession or control
of the pond system. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. The court properly held that the plaintiff's negligence claim
against defendant Windemere was time-barred. That part of the
order granting summary disposition must be affirmed. The plain-
tiff's claim of ordinary negligence accrued more than three years
before the plaintiff filed its complaint. The claim was barred pursu-
ant to MCL 600.5805(8); MSA 27A.5805(8) and MCL 600.5827; MSA
27A.5827. The plaintiff's claim does not come within the ambit of
the continuing-wrongful-acts doctrine. The running of the three-
year period of limitation was not tolled.

2. The trial court erred in applying the three-year period of limi-
tation applicable to injuries to property to the negligence claim
against Douglas and Burlington instead of the six-year period pro-
vided in MCL 600.5839; MSA 27A.5839 that is applicable to claims
of ordinary negligence against contractors. The complaint was filed

within the six-year period. The part of the order granting summary disposition of the negligence claim against Douglas and Burlington must be reversed.

3. Issues of fact remain with regard to the plaintiff's trespass claim. The court's stated reasons for denying the motion to amend the complaint to add a nuisance count constituted an abuse of discretion. That part of the order must be reversed and the matter must be remanded for further proceedings. The court abused its discretion in finding that the plaintiff acted with undue delay. The plaintiff alleged sufficient facts that Windemere, Douglas, and Burlington either owned the land from which the silt was coming or controlled the implementation of soil erosion controls during the construction of the Windemere Apartment complex. The dismissal of the trespass claim and denial of the motion to amend on grounds of futility was erroneous.

4. Where, as here, a question of fact exists regarding the temporary or permanent nature of the nuisance and whether, as a consequence, the trespass/nuisance claim is time-barred under MCL 600.5805(8); MSA 27A.5805(8), the issues should have been submitted to a jury. That part of the trial court's order must be reversed and the matter must be remanded for further proceedings.

Affirmed in part, reversed in part, and remanded.

WHITE, J., dissenting in part, stated that the question whether the negligence claims against Douglas and Burlington are time-barred because the three-year period of limitation under MCL 600.5805(8); MSA 27A.5805(8) and MCL 600.5827; MSA 27A.5827 is applicable rather than the six-year period of limitation under MCL 600.5839; MSA 27A.5839 should not be determined by the Court of Appeals at this time because the parties have not raised the issue of the applicability of the six-year period. If the Court of Appeals chooses to raise the issue on its own, the Court, either by requesting additional briefing or remanding the matter to the trial court, should give the defendants an opportunity to respond.

1. LIMITATION OF ACTIONS — CONTINUING WRONGFUL ACTS — TORTS.

A continuing wrong sufficient to toll the running of a period of limitation is established under the continuing-wrongful-acts doctrine by continual tortious acts, not by continual harmful effects from an original, completed act; Michigan courts have not recognized a cause of action for continuing negligence.

2. LIMITATION OF ACTIONS — NEGLIGENCE — IMPROVEMENTS TO REAL PROPERTY.

The period of limitation applicable to claims of ordinary negligence against contractors arising from an improvement to real property is six years (MCL 600.5839; MSA 27A.5839).

3. PLEADING — AMENDMENTS — DELAY IN SEEKING AMENDMENT.

Amendment of pleadings generally is a matter of right rather than grace and should be denied only for particularized reasons, such as undue prejudice to the opposing party, undue delay, bad faith or dilatory motive on the movant's part, or where the amendment would be futile; delay without more, such as undue prejudice, does not mandate denial of a motion to amend; undue prejudice is prejudice that prevents a party from having a fair trial, not prejudice that arises from the amendment's effect on the result of trial or loss of a meritorious claim or defense; the remedy for undue delay is to sanction the offending party to reimburse the opponent for the additional expenses and attorney fees incurred (MCR 2.118[A][2],[3]).

4. NUISANCE — TRESPASS.

A trespass is an invasion of a landowner's interest in the exclusive possession of the land; a nuisance is an interference with a landowner's use and enjoyment of the land; a person's intent in causing a trespass or a nuisance generally is irrelevant; nuisance is a condition and not an act or failure to act, and liability for trespass may be imposed regardless of the negligence or intentional conduct of the trespasser.

5. TORTS — TRESPASSORY NUISANCE.

A cause of action for trespassory nuisance may be found where the plaintiff shows a condition (nuisance or trespass), a cause (physical intrusion), and causation or control by the defendant.

6. NUISANCE — LIABILITY.

Liability for nuisance may be imposed where the defendant has created the nuisance, the defendant owned or controlled the property from which the nuisance arose, or the defendant employed another to do work that the defendant knew was likely to create a nuisance.

7. LIMITATION OF ACTIONS — NUISANCE — TRESPASS — CONTINUING NUISANCE OR TRESPASS.

Recovery is not barred by a statute of limitation where a trespass or nuisance is alleged to have continued during the limitation period; the damages recoverable under a continuing trespass/nuisance claim generally depends upon whether the interference with the plaintiff's property is permanent or temporary; where a question of fact exists regarding the temporary or permanent nature of a nuisance and whether, as a consequence, the claim is time-barred, the issues should be submitted to the jury (MCL 600.5805[8]; MSA 27A.5805[8]).

*Hertz, Schram & Saretsky, P.C.* (by *Steve J. Weiss* and *Miles D. Hart*), for Traver Lakes Community Maintenance Association.

*Vandeveer Garzia, P.C.* (by *Leonard A. Krzyzaniak, Jr.,* and *Christine A. Fischer*), for Burlington Construction.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani, Robert H. Martin,* and *Brian McGorisk*), for The Douglas Company.

*Pedersen, Keenan, King, Wachsberg & Andrzejak* (by *Daniel P. King*), for Windemere I Limited Partnership.

Before: HOLBROOK, JR., P.J., and WHITE and S. J. LATREILLE*, JJ.

HOLBROOK, JR., P.J. In this case alleging negligence and trespass, plaintiff appeals by leave granted from a circuit court order granting summary disposition to defendants[1] on the basis that plaintiff's claims were time-barred under the applicable statute of limitations, MCR 2.116(C)(7), and denying plaintiff's motion to amend to add a nuisance claim. We affirm in part, reverse in part, and remand for further proceedings.

Windemere I Limited Partnership owned and constructed the Windemere Apartment complex in Ann Arbor in the late 1980s. The Douglas Company was the general contractor and Burlington Construction was a subcontractor for the project. The complex was

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant Windemere Apartments Limited Partnership has since been dismissed without prejudice pursuant to MCR 2.102(E)(2), and defendant City of Ann Arbor is not a party to this appeal.

built near Traver Lakes, a residential community developed in the 1970s and comprised of apartments, townhouses, and common areas. A series of connected ponds provide for storm and ground water discharge from the Traver Lakes community and connect it with Ann Arbor's city storm water drainage and septic system. Plaintiff Traver Lakes Community Maintenance Association was formed to oversee and coordinate the upkeep and maintenance of the Traver Lakes community.

During and after construction of the Windemere Apartment complex, excessive amounts of silt and sediment flowed from the construction site into the Traver Lakes pond system, causing a build-up of sediment in the ponds and decreased water flow through the system. Plaintiff filed this lawsuit in September 1993, alleging that defendants had installed ineffective or insufficient erosion control measures in construction of the apartment complex and that it had expended approximately $200,000 to clean its pond system in 1992 and that this process would have to be repeated every five to ten years. Plaintiff's complaint alleged separate counts of negligence and trespass against defendants Windemere, Douglas, and Burlington. Defendant Windemere moved for summary disposition on the basis of its affirmative defense that the period of limitation had run. Defendants Douglas and Burlington joined in Windemere's motion. Plaintiff responded and also moved for leave to amend its complaint to add a count of nuisance.

The trial court granted defendants' motion for summary disposition and denied plaintiff's motion for leave to amend its complaint. The court held that the proposed amendment was untimely and that adding a

nuisance count would be futile because no evidence had been produced to show that defendants exercised possession or control of the pond system. Plaintiff appeals.

Plaintiff first argues that summary disposition of its claim of ordinary negligence was granted improperly. When reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court accepts as true the plaintiff's well-pleaded allegations and construes them in the plaintiff's favor. *Huron Tool & Engineering Co v Precision Consulting Services, Inc*, 209 Mich App 365, 376-377; 532 NW2d 541 (1995). To determine whether a genuine issue of material fact exists, we look to the pleadings, affidavits, and other documentary evidence submitted by the parties. Where a material factual dispute exists such that factual development could provide a basis for recovery, summary disposition is inappropriate. Otherwise, where no material facts are in dispute, this Court may decide the question as a matter of law. *Moll v Abbott Laboratories*, 444 Mich 1, 26; 506 NW2d 816 (1993).

Here, plaintiff's claim of ordinary negligence accrued at the latest by September 1988, when plaintiff became aware that silt and sediment were coming from the Windemere Apartment project. Given that the claim accrued more than three years before plaintiff filed its complaint, plaintiff's negligence claim is time-barred. See MCL 600.5805(8); MSA 27A.5805(8), MCL 600.5827; MSA 27A.5827. To avert this result, however, plaintiff argues that the continuing-wrongful-acts doctrine operates to toll the running of the period of limitation. We disagree. In *Horvath v Delida*, 213 Mich App 620, 627; 540 NW2d 760 (1995), this Court held that the continuing-wrongful-acts doc-

trine is "established by continual tortious acts, not by
continual harmful effects from an original, completed
act." In that case, the plaintiffs' cause of action was
based on the defendants' negligent dredging of an
adjoining marshy lagoon; it was not based on claims
of nuisance or trespass. *Id.* at 627, n 2. Indeed, we
expressly noted that Michigan courts have not recog-
nized a cause of action for continuing negligence. *Id.*
Here, plaintiff's complaint alleged that defendants'
failure to install sufficient erosion control measures
during construction constituted the "predicate negli-
gent act" that has resulted in continuing harmful
effects to plaintiff's pond system. As alleged, plain-
tiff's negligence claim does not come within the ambit
of the continuing-wrongful-acts doctrine. *Id.* at 627-
628. Accordingly, the trial court correctly held that
plaintiff's negligence claim against defendant
Windemere was time-barred. We therefore affirm the
order granting summary disposition of this claim in
favor of defendant Windemere.

With regard to plaintiff's negligence claim against
defendants Douglas and Burlington, the parties and
the trial court also applied the three-year limitation
period applicable to injuries to property. This was
error. The applicable statute of limitation for claims
of ordinary negligence against contractors, MCL
600.5839; MSA 27A.5839,[2] provides for a six-year

---

[2] Section 5839(1) of the Revised Judicature Act, MCL 600.5839(1); MSA
27A.5839(1), provides:

   No person may maintain any action to recover damages for any
   injury to property, real or personal, or for bodily injury or wrongful
   death, arising out of the defective and unsafe condition of an
   improvement to real property, nor any action for contribution or
   indemnity for damages sustained as a result of such injury, against
   any state licensed architect or professional engineer performing or

period of limitation. *Smith v Quality Constr Co*, 200
Mich App 297; 503 NW2d 753 (1993). Section 5839(1)
has been construed as both a statute of limitation and
a statute of repose. *O'Brien v Hazelet & Erdal*, 410
Mich 1, 15; 299 NW2d 336 (1980); *Smith, supra* at
300-301.

> For ordinary negligence actions [against contractors] that
> accrue within six years from the occupancy, use, or accept-
> ance of the completed improvement, the statute prescribes
> the time within which such actions may be brought and,
> thus, acts as a period of limitation. When more than six
> years has elapsed from the date of occupancy, use, or
> acceptance before an injury is sustained, the statute is one
> of repose that prevents a cause of action from ever accru-
> ing. Where the injury occurs after the passage of the appli-
> cable time period, the injured party "literally has no cause
> of action. The harm that has been done is *damnum absque
> injuria*—a wrong for which the law affords no redress."
> [*Id.* at 301 (citations omitted).]

Here, it is undisputed that plaintiff filed its complaint
within six years from the occupancy, use, or accept-
ance of the completed construction project. Accord-
ingly, the trial court erred in granting summary dispo-
sition of plaintiff's negligence claim against defend-

---

furnishing the design or supervision of construction of the improve-
ment, or against any contractor making the improvement, more
than 6 years after the time of occupancy of the completed improve-
ment, use, or acceptance of the improvement, or 1 year after the
defect is discovered or should have been discovered, provided that
the defect constitutes the proximate cause of the injury or damage
for which the action is brought and is the result of gross negligence
on the part of the contractor or licensed architect or professional
engineer. However, no such action shall be maintained more than
10 years after the time of occupancy of the completed improve-
ment, use, or acceptance of the improvement.

ants Douglas and Burlington on the basis that the period of limitation had run.

In addition to its negligence claim, plaintiff also had alleged a trespass claim and, in the face of defendants' motions for summary disposition alleging that the period of limitation had run, plaintiff had moved for leave to file an amended complaint, adding a count of nuisance. Although the trial court's order did not specifically address plaintiff's trespass claim, it is clear that the court's grant of summary disposition included this claim. The trial court also denied plaintiff's motion to amend on grounds of undue delay and futility. On appeal, we conclude that issues of fact remain regarding the viability of plaintiff's trespass claim and that the court's stated reasons for denying the motion to amend constituted an abuse of discretion. Thus, we reverse and remand for further proceedings regarding these claims.

First, with respect to plaintiff's motion for leave to amend to add a count of nuisance, we agree with plaintiff that the trial court abused its discretion in finding that plaintiff had acted with undue delay. A court should freely grant leave to amend a complaint when justice so requires. MCR 2.118(A)(2). The rules pertaining to the amendment of pleadings are designed to facilitate amendment except when prejudice to the opposing party would result. Amendment is generally a matter of right rather than grace, and ordinarily should be denied only for particularized reasons, such as undue prejudice to the opposing party, undue delay, bad faith or dilatory motive on the movant's part, or where the amendment would be futile. *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 656, 659; 213 NW2d 134 (1973). Delay without more,

such as undue prejudice, does not mandate the denial
of a motion to amend. *Davis v Chrysler Corp*, 151
Mich App 463, 473-474; 391 NW2d 376 (1986). The
prejudice justifying the denial of a motion to amend is
not prejudice arising from the amendment's effect on
the result of trial or loss of a meritorious claim or
defense, but is, rather, prejudice preventing a party
from having a fair trial. *Fyke, supra* at 657-658; *Davis,
supra* at 474. Indeed, the remedy for undue delay "is
not to deny the amendment . . . but, rather, the rem-
edy is to sanction the offending party to reimburse
the opponent for the additional expenses and attor-
ney fees incurred because of the inexcusable delay in
requesting an amendment. MCR 2.118(A)(3)." *Stanke
v State Farm Mut Automobile Ins Co*, 200 Mich App
307, 321; 503 NW2d 758 (1993).

Here, there was no justification for the trial court's
finding of undue delay. Plaintiff's motion for leave to
file an amended complaint was filed 2½ months
before the close of discovery, 3½ months before
mediation was scheduled, and five months before
trial was to begin. An amendment was entirely proper
at this stage of the litigation.

Second, we find that the trial court erred in grant-
ing summary disposition of plaintiff's trespass claim
and abused its discretion in denying plaintiff's motion
for leave to amend on grounds of futility because
defendants did not own or control the pond system.
At the outset, we recognize that claims of trespass
and nuisance are difficult to distinguish and include
overlapping concepts. However, the essential differ-
ence has been stated as follows: " '[T]respass is an
invasion of the plaintiff's interest in the exclusive pos-
session of his land, while nuisance is an interference

with his use and enjoyment of it.' " *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139, 151; 422 NW2d 205 (1988), quoting Prosser & Keeton, Torts (5th ed), § 87, p 622. See also *Continental Paper & Supply Co, Inc v Detroit*, 451 Mich 162; 545 NW2d 657 (1996). Unlike a claim of negligence, the defendant's intent in causing a trespass or a nuisance is generally irrelevant. *Hadfield, supra* at 161; *Bronson v Oscoda Twp (On Second Remand)*, 188 Mich App 679, 682; 470 NW2d 688 (1991). In *Hadfield, supra* at 169, our Supreme Court recognized a cause of action for "trespassory nuisance" where a plaintiff shows condition (nuisance or trespass), cause (physical intrusion), and causation or control by the defendant. Under the facts of that case, the Court found a "trespassory nuisance" where ineffective county drains filled with mud and overflowed, flooding the plaintiff's farm fields. Comparatively, in this case, plaintiff has alleged that defendants installed ineffective soil erosion controls during construction of the apartment complex, resulting in excess silt flowing into plaintiff's pond system. As such, we construe plaintiff's factual allegations as including elements of both a trespass and a private nuisance.

Liability for nuisance may be imposed where (1) the defendant has created the nuisance, (2) the defendant owned or controlled the property from which the nuisance arose, or (3) the defendant employed another to do work that he knew was likely to create a nuisance. *Continental Paper, supra* at 165, n 7, citing *Baker v Waste Management of Michigan, Inc*, 208 Mich App 602, 606; 528 NW2d 835 (1995). Here, plaintiff has alleged sufficient facts that defendants Windemere, Douglas, and Burlington

either owned the land from which the excess silt was coming or that they controlled the implementation of soil erosion controls during construction of the apartment complex. Accordingly, the trial court's dismissal of plaintiff's trespass claim and denial of plaintiff's motion to amend on grounds of futility was erroneous.

Finally, defendants argue that plaintiff's trespass claim and proposed nuisance claim were time-barred under the applicable three-year period of limitation for damage to property, MCL 600.5805(8); MSA 27A.5805(8). Plaintiff counters that its claim is not time-barred because the excess silt flowing into the pond system constitutes a continuing trespass/ nuisance.

Unlike negligence, "[n]uisance is a condition and not an act or failure to act." *Hobrla v Glass*, 143 Mich App 616, 630; 372 NW2d 630 (1985), quoting 58 Am Jur 2d, Nuisances, § 3, p 557.[3] In addition, unlike in a negligence claim, liability for trespass may be imposed regardless of the defendant's negligence or intentional conduct. *Hadfield, supra.* Thus, in reviewing plaintiff's damages claim for trespass/nuisance, we must focus our inquiry on the reasonableness of the interference with plaintiff's property, not the reasonableness of defendants' conduct in creating or

---

[3] See also *Buckeye Union Fire Ins Co v Michigan*, 383 Mich 630, 636; 178 NW2d 476 (1970), in which our Supreme Court distinguished nuisance actions from other torts as follows:

Primarily, nuisance is a condition. Liability is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. Nuisance may result from want of due care (like a hole in a highway), but may still exist as a dangerous, offensive, or hazardous condition even with the best of care.

maintaining the interference. See Prosser & Keeton, Torts (5th ed), § 87, pp 622-623.

Where a trespass or nuisance is alleged to have continued during the limitation period, recovery is not barred. *Defnet v Detroit*, 327 Mich 254, 258; 41 NW2d 539 (1950) (trespass); *Moore v Pontiac*, 143 Mich App 610, 614; 372 NW2d 627 (1985) (nuisance). The damages recoverable under a continuing trespass/nuisance claim generally depends upon whether the interference with the plaintiff's property is permanent or temporary. See *Phelps v Detroit*, 120 Mich 447, 451-455; 79 NW 640 (1899). The rules for making such a determination are summarized in 58 Am Jur 2d, Nuisances, §§ 273-275, pp 875-878:

> An action in damages may be maintained for the creation of a nuisance and a subsequent and separate action may be maintained for the continuance of such nuisance. The determination of whether a single right of action or successive rights are created by a nuisance for damages depends primarily upon whether the cause of injury is permanent or temporary. . . . The question generally is one of fact for the jury.
>
> *     *     *
>
> If injuries from a nuisance are of a permanent character and go to the entire value of the estate, there can be but one action, and all damages—past, present, and future—are recoverable therein; in such a case, one recovery is a grant or license to continue the nuisance, and there can be no second recovery for its continuance. . . .
>
> Where the injury from the alleged nuisance is temporary in its nature, or is of a continuing or recurring character, the damages are ordinarily regarded as continuing, and one recovery against the wrongdoer is not a bar to successive actions for damages thereafter accruing from the same wrong. In such a case, every day's continuance is a new nuisance. . . . That is, where a nuisance is temporary, damages

to property affected by the nuisance are recurrent and may
be recovered from time to time until the nuisance is abated.

Here, a question of fact exists whether the alleged
trespass/nuisance involving plaintiff's pond system
was temporary, and therefore abatable by reasonable
curative or remedial action, or whether it was perma-
nent in nature, and therefore nonabatable. Where, as
here, a question of fact exists regarding the tempo-
rary or permanent nature of the nuisance and
whether, as a consequence, the claim is time-barred
under MCL 600.5805(8); MSA 27A.5805(8), these
issues should be submitted to a jury. Accordingly, we
reverse and remand for further proceedings regarding
plaintiff's trespass and proposed nuisance claims.

Affirmed in part, reversed in part, and remanded to
the trial court for further proceedings consistent with
this opinion. We retain no further jurisdiction. No tax-
able costs are awarded pursuant to MCR 7.219,
because neither party prevailed in full.

S. J. LATREILLE, J., concurred.

WHITE, J. (*concurring in part and dissenting in
part*). I concur in the conclusion that the negligence
claim against Windemere Apartments is time-barred. I
also concur in the conclusion that the circuit court
abused its discretion in denying plaintiff's motion to
amend its complaint to add a nuisance claim and
improperly dismissed plaintiff's trespass claims.

I respectfully disagree, however, with the majority's
resolution of plaintiff's negligence claims against The
Douglas Company and Burlington Construction. The
majority concludes that plaintiff's claims against
Douglas and Burlington are not time-barred because
the six-year period of limitation under MCL 600.5839;

MSA 27A.5839 applies, and not the three-year period of limitation under MCL 600.5805(8), MSA 27A.5805(8); MCL 600.5827; MSA 27A.5827. Under the circumstances, where plaintiff did not assert the applicability of the six-year period of limitation in the circuit court and does not assert its applicability on appeal, so that defendants have never addressed the applicability of the statute, I would not reach the question at this time. While this Court may choose to raise this issue of law on its own, it should give defendants an opportunity to respond, either by requesting additional briefing or remanding the matter to the circuit court.