CITIZENS INSURANCE COMPANY v SCHOLZ

Docket No. 254466. Submitted September 6, 2005, at Detroit. Decided
    November 8, 2005, at 9:15 a.m. Leave to appeal sought.

   Citizens Insurance Company, as subrogee of its insured, brought an
      action in the Kent Circuit Court against F. C. Scholz, III; Bultsma
      Excavating, Inc.; and Hoonhorst Concrete, Inc., seeking damages
      related to losses sustained by the insured in the collapse of an
      existing wall while the defendants were excavating for a founda-
      tion for an addition to the insured's facility. The court, James R.
      Redford, J., granted summary disposition for the defendants,
      determining that the plaintiff's claim was time-barred under the
      three-year period of limitations for ordinary negligence actions,
      MCL 600.5805(10). The court had concluded that the six-year
      period of limitations for contract breach, MCL 600.5807(8), or the
      six-year period of limitations for a negligence action against a
      contractor relating to a real property improvement, MCL
      600.5839(1), does not apply. The plaintiff appealed.

      The Court of Appeals *held*:

      1. The trial court erred in by granting summary disposition for
   the defendants on the basis of the three-year period of limitations
   for ordinary negligence, MCL 600.5805(10). The statute limiting
   actions against architects, engineers, and contractors, MCL
   600.5839(1), provides a six-year limitations period for all negli-
   gence actions relating to improvements of real property brought
   against those professionals. The plaintiff's claim is governed by
   MCL 600.5839(1) and the action was timely under that statute.

      2. Courts consider a project as a whole, not as isolated compo-
   nents, in determining whether the injury involves an improvement
   to real property, MCL 600.5839(1). The excavation work at issue
   was integral to the real property improvement because the exca-
   vation was for a foundation for an addition to the insured's
   building. Because the injuries at issue stem from workmanship
   involved in the construction of the project, the plaintiff's claim
   properly falls within the coverage of the statute.

      3. Although enacted to protect architects and engineers from
   latent defects appearing many years after an improvement to real
   property was completed, MCL 600.5839(1) does not apply only to

the resulting improvement; it also applies to construction activities. The construction of the improvement is not separate from the improvement itself under that statute. An action under that statute may accrue before the improvement is completed, but the period of limitations commences at the time of occupancy of the completed improvement, its use, or its acceptance.

Reversed and remanded for further proceedings.

1. LIMITATION OF ACTIONS — NEGLIGENCE — ARCHITECTS — ENGINEERS — BUILDING CONTRACTORS.

The statute governing actions against architects, engineers, and contractors provides a six-year limitations period for all negligence actions against those professionals relating to improvements to real property (MCL 600.5839[1]).

2. LIMITATION OF ACTIONS — NEGLIGENCE — ARCHITECTS — ENGINEERS — BUILDING CONTRACTORS — IMPROVEMENTS.

Where an injury stems from workmanship involved in the construction of a project and the work at issue is integral to the real property improvement, such as an injury during excavation for a foundation, the injury involves an improvement to real property as contemplated in the statute governing actions against architects, engineers, and contractors for negligence relating to improvements to real property (MCL 600.5839[1]).

3. LIMITATION OF ACTIONS — NEGLIGENCE — ARCHITECTS — ENGINEERS — BUILDING CONTRACTORS — COMMENCEMENT OF LIMITATIONS PERIOD.

Construction activities for an improvement to real property are not separate from the improvement itself; an action against an architect, engineer, or contractor may accrue before the improvement is completed, but the six-year period of limitations commences at the time of occupancy of the completed improvement, its use, or its acceptance (MCL 600.5839[1]).

*Betz & Bloss, P.C.* (by *Ralph M. Reisinger*), for Citizens Insurance Company.

*Damon, Oosterhouse & Witte, LLP* (by *Charles E. Damon*), for F. C. Scholz, III.

*Worsfold Macfarlane McDonald, P.L.L.C.* (by *David M. Pierangeli*), for Bultsma Excavating, Inc.

*Straub, Seaman & Allen, P.C.* (by *Joseph R. Enslen* and *Mary Catherine Beach*), for Hoonhorst Concrete, Inc.

Before: BANDSTRA, P.J., and NEFF and DONOFRIO, JJ.

NEFF, J. Plaintiff filed this action as subrogee of its insured, Zinger Sheet Metal, to recover damages sustained by Zinger when a building wall collapsed during a construction project undertaken by defendant contractors. Plaintiff appeals as of right an order of the trial court granting summary disposition for defendants pursuant to MCR 2.116(C)(7). The court ruled that plaintiff's claim was time-barred because it was governed by the three-year statute of limitations applicable to ordinary negligence actions, MCL 600.5805(10),[1] and not by the six-year statute of limitation for breach of contract claims, MCL 600.5807(8), or for an action against a contractor based on an improvement to real property, MCL 600.5839(1). We conclude that plaintiff's claim is governed by MCL 600.5839(1) and was, therefore, timely filed. We reverse the grant of summary disposition and remand for further proceedings.

I

In 1997, plaintiff's insured, Zinger Sheet Metal, retained defendant F. C. Scholz, III, as the construction manager for a project to build an addition to Zinger's main building. Defendants Bultsma Excavating, Inc.; and Hoonhorst Concrete, Inc., were hired as subcontractors for the project. On July 31, 1997, after the subcontractors dug below the foundation of the existing

---

[1] MCL 600.5805 was amended effective March 31, 2003, changing the paragraph numbers of the provisions at issue in this case. The provisions are referenced as renumbered.

building while excavating for the addition's foundation, the adjoining wall of the existing building collapsed. Plaintiff paid $62,182.97 in insurance proceeds for damages related to the wall collapse.

Nearly six years later, on April 23, 2003, plaintiff filed a complaint seeking recovery from defendants. The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) on the basis that plaintiff's claim was time-barred.

II

This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(7). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is properly granted under MCR 2.116(C)(7) when an action is time-barred. *Id.* at 118 n 3. *Young v Sellers,* 254 Mich App 447, 449; 657 NW2d 555 (2002). " '[A]bsent disputed questions of fact, whether a cause of action is barred by a statute of limitations is a question of law that this Court also reviews de novo.' " *Id.* at 450 (citation omitted).

III

Plaintiff contends that, contrary to the trial court's conclusion, the statute of repose for actions against architects, engineers, and contractors, MCL 600.5839(1), provides the limitations period for this action. We agree.

MCL 600.5839(1) provides:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages

sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

Section 5839 was enacted in 1967 in response to changes in the law that eliminated privity of contract as a defense against suits by injured third parties and that increased the likelihood that architects and engineers involved in the design and construction of improvements to real property might be forced to defend against claims arising out of alleged defects in the improvements many years after completion. *O'Brien v Hazelet & Erdal*, 410 Mich 1, 14; 299 NW2d 336 (1980). As originally enacted, the statute protected only architects and engineers. *Id.* at 9, 14; *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 514; 573 NW2d 611 (1998). In 1985, the statute was amended to include claims against contractors within its coverage. *Id.* at 513-514; *Ostroth v Warren Regency, GP, LLC*, 263 Mich App 1, 9; 687 NW2d 309 (2004), lv gtd 472 Mich 898 (2005).[2]

MCL 600.5839(1) is both a statute of limitations and a statute of repose. *Ostroth, supra* at 9, citing *O'Brien,*

---

[2] Our Supreme Court's grant of leave does not change the precedential effect of this Court's holding in *Ostroth*. MCR 7.215(C)(2).

*supra.* "For actions which accrue within six years from occupancy, use, or acceptance of the completed improvement, the statute prescribes the time within which such actions may be brought and thus acts as a statute of limitations. When more than six years from such time have elapsed before an injury is sustained, the statute prevents a cause of action from ever accruing."[3] *Id.* at 15.

The trial court concluded that the general negligence statute of limitations, MCL 600.5805(8), rather than § 5839(1), governed plaintiff's claim under the analysis in *Witherspoon v Guilford,* 203 Mich App 240; 511 NW2d 720 (1994). In *Witherspoon,* a panel of this Court held that § 5839 did not preclude application of a general limitations period in § 5805 when the cause of action has accrued and been brought within six years after the occupancy, use, or acceptance of the improvement. *Witherspoon, supra* at 246. The panel reasoned that although § 5839 was intended to protect architects, engineers, and contractors from stale claims, it was not intended to expand the general three-year period of viability for injury claims under § 5805 to a six-year period and, thus, breathe additional life into claims that otherwise would have expired under § 5805. *Witherspoon, supra* at 247.

However, in *Ostroth,*[4] this Court recently observed that *Witherspoon* was inconsistent with other decisions of this Court that have held that the specific statute of limitations, § 5839(1), controls over arguably applicable general statutes of limitations. See, e.g., *Michigan*

---

[3] This statement was based on an earlier version of § 5839(1), which provided for a six-year period of repose. See *O'Brien, supra* at 9. The statute was amended in 1985 to add a one-year discovery rule and provide for a ten-year period of repose. *Frankenmuth Ins, supra* at 514 n 5.

[4] *Ostroth* was decided after the lower court decision in this case.

*Millers Mut Ins Co v West Detroit Bldg Co, Inc,* 196 Mich App 367, 378; 494 NW2d 1 (1992); *Traver Lakes Community Maintenance Ass'n v Douglas Co,* 224 Mich App 335, 339, 341; 568 NW2d 847 (1997). The *Ostroth* panel reviewed the apparent conflict in case law and concluded that *Witherspoon* was wrongly decided. *Ostroth, supra* at 13. The *Ostroth* panel held that MCL 600.5839(1) provided the applicable six-year period of limitations for "all negligence actions against architects, contractors, and engineers" involving improvement to real property. *Ostroth, supra* at 16. The decision in *Ostroth* therefore settles any question whether this action falls outside the reach of § 5839 merely because it may arguably be governed by a general statute of limitations. "[B]y enacting § 5839(1) and later § 5805(10), the Legislature knowingly and necessarily abrogated the applicability of the general statutes of limitations for professional negligence, § 5805(4), and ordinary negligence, § 5805(8)." *Ostroth, supra* at 14.

IV

Defendants nonetheless argue that § 5839(1) is inapplicable because the injury in this case did not arise "out of the defective and unsafe condition of an improvement to real property," pursuant to the express language of § 5839(1). We disagree.

Under MCL 600.5805(14) and MCL 600.5839(1), the six-year period of limitations at issue applies to actions based on an *improvement to real property.* The general statute of limitations, MCL 600.5805, provides:

> The period of limitations for an action against a state licensed architect, professional engineer, land surveyor, or contractor based on *an improvement to real property* shall be as provided in section 5839. [MCL 600.5805(14) (emphasis added).]

MCL 600.5839(1) more specifically states:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, *arising out of the defective and unsafe condition of an improvement to real property* ... against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement .... [Emphasis added.]

Defendants argue that the act of excavating is not a "defective and unsafe condition" nor does it constitute an "improvement" to real property, which defendants assert has been defined as a "permanent addition to or betterment of real property ... " [citation and quotation marks deleted] or a "product, object, or some other tangible item that remains on the real property after the contractor completes his work," *Pitsch v ESE Michigan, Inc,* 233 Mich App 578, 601; 593 NW2d 565 (1999); *Travelers Ins Co v Guardian Alarm Co of Michigan,* 231 Mich App 473, 478; 586 NW2d 760 (1998). However, case law applying § 5939(1) leaves no logical ground for an exception to § 5839 on the basis argued by defendants. Defendants' interpretation does not comport with our previous decisions, which consider the project as a whole and not as isolated components in determining whether the injury involves an improvement to real property. More importantly, decisions of this Court that have addressed the applicability of § 5839(1) to construction activities have, in effect, held that § 5839(1) applies regardless of whether the claim accrues during construction and is based on the contractor's workmanship rather than on the completed improvement. While defendants' argument may appear viable in theory, it is inconsistent with this Court's previous analyses and holdings.

A

In *Pendzsu v Beazer East, Inc*, 219 Mich App 405, 411; 557 NW2d 127 (1996), this Court adopted a common-sense analysis used by other courts in construing the term "improvement":

> "The issue is whether a component of a system which is definitely an improvement to real property is an improvement to real property itself. However, to artificially extract each component from an improvement to real property and view it in isolation would be an unrealistic and impractical method of determining what is an improvement to real property. Frequently, as in this case, an improvement to real property is going to consist of a complex system of components." [Citations omitted.]

The Court held that the relining of coke ovens and blast furnaces was "integral" to the usefulness of the automotive and steel plants and, therefore, constituted an improvement to real property rather than a repair. *Id*. at 411-412. Accordingly, MCL 600.5839(1) governed the successor contractor's liability for alleged injuries from asbestos products used in the relining process. *Id*. at 412.

In *Travelers Ins Co, supra* at 478, this Court again applied the rationale in *Pendzsu,* recognizing that "if a component of an improvement is an integral part of the improvement to which it belongs, then the component constitutes an improvement to real property." Because a new electric circuit panel box and transformer were integral components of an electrical system that was essential to the operation of the engineering and manufacturing facility, the Court concluded that they constituted an improvement to real property for the purposes of MCL 600.5839(1). *Travelers Ins, supra* at 478-479. Likewise, a fire alarm system installed by the defendant alarm company was an improvement to real property. *Id*. at 480.

The reasoning in *Pendzsu* is equally applicable to this case. The excavating work at issue was integral to the real property improvement. It was essentially a component of the building addition and is therefore an improvement for the purposes of § 5839.

B

This Court has further recognized that MCL 600.5839(1) governs liability for injuries occurring *during*, as well as after, construction. *Traver Lakes, supra* at 341-343. In *Traver Lakes*, the plaintiff, a maintenance association for a residential community, alleged that the defendant contractors had installed ineffective or insufficient erosion control measures in the construction of a nearby apartment complex, resulting in interference with the pond system used by the plaintiff for storm and ground water discharge into the Ann Arbor city storm water drainage and septic system. The plaintiff sought recovery for damages that occurred during and after construction when excessive amounts of silt and sediment flowed from the construction site into the plaintiff's pond system, causing a build up of sediment in the ponds and decreased water flow through the system. The Court held that the six-year limitations period set forth in MCL 600.5839(1), rather than the three-year limitations period applicable to injuries to property, applied to the plaintiff's negligence claim against the general contractor and a subcontractor. *Traver Lakes, supra* at 341-342.

It is particularly noteworthy that in *Traver Lakes*, the plaintiff's action was filed against the apartment complex owner, Windemere, as well as the contractors on the basis of the same alleged activities. The Court analyzed the claim as an ordinary negligence action against Windemere and determined that the predicate

negligent act was the failure to install sufficient erosion control measures. *Id.* at 340-341. The Court concluded that, unlike the action against the contractors, the action against Windemere was time-barred because the claim accrued at the latest by September 1988, when the plaintiff became aware that silt and sediment were coming from the Windemere project. Accordingly, the three-year limitations period for ordinary negligence had run. *Id.* at 340. Thus, the same facts gave rise to two different limitations periods merely because one defendant was the owner and the other two defendants were contractors. Applying the *Traver Lakes* analysis to this case requires that defendants' argument be rejected. Otherwise, the *Traver Lakes* panel would necessarily have found that the action against the contractors was time-barred, the same as the action against Windemere.

More recently, in *Abbott v John E Green Co*, 233 Mich App 194; 592 NW2d 96 (1998), this Court applied MCL 600.5839(1) to claims expressly premised on a contractor's workmanship. The plaintiffs sought recovery for injuries sustained during construction activities associated with improvements to a foundry. *Abbott, supra* at 196-197. The plaintiffs alleged that they sustained injuries from exposure to asbestos fibers released from the defendant contractors' construction activities, such as cutting and sawing asbestos pipe covering and mixing powdered asbestos cement in preparation for the incorporation of those materials into the foundry improvements. *Id.* at 197, 199. The plaintiffs sought to avoid the effect of the statute of repose, arguing that it applied only to the resulting improvement and not to the construction activities. *Id.* at 199. The Court concluded that the claims, premised on the defendants' "workmanship," were properly governed by MCL 600.5839(1):

The purpose of the statute of repose is to protect engineers, architects, and contractors from stale claims and to eliminate open-ended liability for "defects in workmanship." *Pendzsu, supra* at 410; *Ali v Detroit,* 218 Mich App 581, 587-588; 554 NW2d 384 (1996). The term "workmanship" encompasses not only the quality of the finished product, but the manner of construction as determined by the "art, skill, or technique of [the] workman." *The American Heritage Dictionary: Second College Edition* (1982), p 1391. In this case, plaintiffs contend that the manner of construction was defective in that the components were cut and assembled on-site resulting in the release of asbestos. Plaintiffs thus challenge defendants' "workmanship," and it would be contrary to the purpose of the statute to allow this stale claim to proceed. Contractors would not enjoy the "repose" that the statute intends to guarantee if plaintiffs, barred from bringing claims arising out of the finished result of an improvement, could nonetheless bring claims arising out of the construction practices employed in making the improvement. [*Abbott, supra* at 200-201.]

The *Abbott* Court declined to separate the construction of the improvement from the improvement itself, noting that to do so would be inconsistent with the holding in *Pendzsu,* in which the defendants' virtually identical activities were found to be improvements to property for the purposes of MCL 600.5839(1). *Abbott, supra* at 200. The Court expressly rejected the argument that the statutory language referring to the "condition of an improvement" limited coverage of the statute only to claims arising out of the finished product, noting that the statute also specifically covered "any contractor making the improvement." *Id.* at 201 n 2.

In *Abbott,* this Court also specifically addressed accrual of an action under § 5839(1) in determining whether the amendment adding contractors applied to the action in *Abbott* given the effective date of the amendment. *Id.* at 202. The Court concluded that an

action accrues when all the elements of an action for personal injury, including damages, are present, rather than when the improvement to real property was completed. *Id.* at 202-203. Given this analysis, it is clear that an action under § 5839(1) may accrue before the improvement is completed, but the period of limitations nonetheless commences at "the time of occupancy of the completed improvement, use, or acceptance of the improvement," as in this case.

In light of this precedent and the holding in *Ostroth,* we must reject defendants' argument that the act of excavating is not a "defective and unsafe condition" nor does it constitute an "improvement" to real property. Because the excavation was an integral part of the construction of the building addition, we hold that it was an improvement to real property. Further, because the injuries at issue stem from workmanship involved in the construction project, plaintiff's claim properly falls within the coverage of MCL 600.5839(1).

V

The statute of repose, MCL 600.5839, was specifically enacted to protect architects and engineers from "latent defect" claims that often arose many years after an improvement to real property was completed. However, the evolving case law has drawn no distinction between "latent defect" cases and other actions seeking recovery for construction-related negligence. Moreover, nearly two decades after the enactment of the statute of repose, the Legislature amended the general statute of limitations to expressly state that all actions against contractors based on an improvement to real property were governed by § 5839. MCL 600.5805(14). Although the "defective and unsafe condition" language of § 5839(1) more specifically addresses the statute's origi-

nal purpose, case law and the Legislature's subsequent amendment of MCL 600.5805 leave no logical ground for excluding actions based on construction activities from the coverage of § 5839(1).

Plaintiff's claims were timely filed pursuant to the six-year period of limitations in MCL 600.5839(1). The trial court's grant of summary disposition must be reversed.

Reversed and remanded for further proceedings. We do not retain jurisdiction.