*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHERYL L. BROWN,

      Plaintiff-Appellant,

v

MICHAEL T. BROWN,

      Defendant-Appellee.

UNPUBLISHED
July 18, 2024

No. 368469
Lapeer Circuit Court
LC No. 02-031753-DM (S)

Before: LETICA, P.J., and BOONSTRA and MARIANI, JJ.

PER CURIAM.

Plaintiff appeals by right the judgment entered by the trial court in favor of defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The parties were divorced via a judgment of divorce in 2004. In 2005, the parties stipulated to the entry of three Qualified Domestic Relations Orders (QDROs) regarding each party's right to receive retirement benefits from the other's retirement plan upon retirement or death. However, due to an apparent human error, only two of the proposed QDROs were entered, both regarding plaintiff's right to receive benefits from defendant's plan; the third QDRO, regarding defendant's right to receive benefits from plaintiff's plan, was never entered.[1]

In March 2022, plaintiff retired and began collecting monthly pension payments and retirement benefits. Defendant subsequently learned of plaintiff's retirement and discovered that the QDRO regarding those benefits had not been entered. Defendant moved the trial court to enter a QDRO regarding those benefits as provided for in the divorce judgment; the order was entered

---

[1] The parties agree that the QDRO was prepared but never entered; plaintiff placed the blame on defendant's attorney, while defendant's attorney stated that he had "no record that it had been entered or signed or processed."

-1-

and approved by plaintiff's plan administrator in December 2022, and defendant began receiving his share of plaintiff's retirement benefits in 2023.

In September 2023, defendant filed a motion for reimbursement in the trial court, seeking to recover his portion of the monthly pension payments that had been paid to plaintiff from her retirement until the approval and entry of the QDRO. In response, plaintiff argued that defendant's claim was barred by the 10-year statute of limitations for actions founded upon a judgment or decree, as provided in MCL 600.5809(3). After a hearing, the trial court granted defendant's motion and entered a judgment in favor of defendant in the amount of $5,888.76. This appeal followed.

## II. STANDARD OF REVIEW

In the absence of disputed questions of fact, this Court reviews de novo whether a claim is barred by a statute of limitations. *Citizens Ins Co v Scholz*, 268 Mich App 659, 662; 709 NW2d 164 (2005). We also review de novo issues of statutory interpretation. *Dorko v Dorko*, 504 Mich 68, 74; 934 NW2d 644 (2019).

## III. ANALYSIS

Plaintiff argues that the trial court erred by failing to hold that defendant's claim was barred by the statute of limitations found in MCL 600.5809(3). We disagree.

MCL 600.5809 states in relevant part:

(1) A person shall not bring or maintain an action to enforce a noncontractual money obligation unless, after the claim first accrued to the person or to someone through whom he or she claims, the person commences the action within the applicable period of time prescribed by this section.

\* \* \*

(3) Except as provided in subsection (4)[2] the period of limitations is 10 years for an action founded upon a judgment or decree rendered in a court of record of this state, or in a court of record of the United States or of another state of the United States, from the time of the rendition of the judgment or decree . . . Within the applicable period of limitations prescribed by this subsection, an action may be brought upon the judgment or decree a new judgment or decree. The new judgment or decree is subject to this subsection.

"[T]his Court has previously determined that claims relating to a property settlement contained in a judgment of divorce . . . are subject to the 10-year period of limitations set forth in MCL 600.5809(3)." *O'Leary v O'Leary*, 321 Mich App 647, 653; 909 NW2d 518 (2017) (citations

---

[2] MCL 600.5809(4) concerns actions to enforce child support orders and is not implicated in this case.

omitted). Our Supreme Court has stated that the limitations period found in MCL 600.5809(3) applies to actions to recover retirement payments collected in contravention of a divorce judgment. *Dorko*, 504 Mich at 77, 78.

"[T]he 10-year period of limitations for a claim relating to a property settlement in a judgment of divorce begins to run at the time the claim accrues." *O'Leary*, 321 Mich App at 653. "[A] claim relating to a property settlement in a judgment of divorce accrues when the money owing under the property settlement becomes due." *Id.*; see also *Torakis v Torakis*, 194 Mich App 201, 203; 486 NW2d 107 (1992), citing *Rybinski v Rybinski*, 33 Mich 592, 596; 53 NW2d 386 (1952) (stating that a claim for installment payments under a divorce judgment accrues when each payment comes due and is not paid). It is not necessary for a party to have sought a renewed judgment under MCL 600.5809(3) if the 10-year limitations period, beginning from when the claim accrued, has not yet run. *O'Leary*, 321 Mich App at 655. The 10-year limitations period applies to a postjudgment motion on a divorce judgment, provided the motion seeks to enforce a right to payment derived from the divorce judgment, and the party filing the motion could have filed an independent action on their claim. See *Dorko*, 504 Mich at 77 n 6.

In this case, defendant made a claim for his share of the retirement benefits paid to plaintiff well with ten years of those payments coming due. Accordingly, his claim was timely and not barred by MCL 600.5809(3). Plaintiff argues that *Dorko* says otherwise, but plaintiff misreads *Dorko*. In *Dorko*, our Supreme Court merely stated that "if defendant wanted to recover those [retirement] payments plaintiff collected in contravention of the divorce judgment, she would have 10 years to do so under MCL 600.5809(3)." *Dorko*, 504 Mich at 77. The Court did not overrule or replace established caselaw concerning *when* the 10-year period of limitations in MCL 600.5809(3) begins to run; in fact, *Dorko* clearly reiterated the principle that "[a] claim accrues 'at the time the wrong upon which the claim is based was done.' " *Id.* at 75. The Court elaborated that the defendant's claim for retirement benefits due under the judgment of divorce accrued when the plaintiff retired and began collecting benefits:

> When a party breaches a substantive obligation arising out of a legal judgment, that breach gives rise to an independent cause of action. The harmed party then acquires the right to bring an action to enforce the judgment. Applying this distinction to the facts here, when plaintiff retired and began collecting 100% of his retirement benefits due, in contravention of the terms of the divorce judgment, a distinct "wrong" occurred, giving rise to a cause of action that defendant could bring to enforce the noncontractual money obligation imposed by the judgment of divorce. Accordingly, if defendant wanted to recover those payments plaintiff collected in contravention of the divorce judgment, she would have 10 years to do so under MCL 600.5809(3). [*Id.* at 77.]

Moreover, *Dorko* cited with approval *Rybinski* and *O'Leary* in holding that the 10-year limitations period applies to postjudgment filings within a divorce action as well as independent enforcement

actions. *Id.* at 78 n 6. There is simply no way to read *Dorko* as invalidating the holdings of *O'Leary*, *Rybinski*, and *Torakis*.[3]

Accordingly, the trial court did not err by determining that defendant's claim for reimbursement of retirement benefits owed under the divorce judgment was not barred by MCL 600.5809(3). *Citizens Ins* Co, 268 Mich App at 662. Although we decide this case on legal rather than equitable grounds, we note that the equities also favor this resolution; plaintiff was aware that the judgment of divorce, which was final, gave defendant a right to a portion of her retirement funds upon her retirement, just as she is entitled to a portion of his upon his retirement. Her interests were secured by properly-filed QDROs, while his interest was not secured, due to mere human error. Plaintiff does not "lose" anything by disgorging the funds that she always knew belonged to defendant under the terms of the divorce judgment. Further, defendant acted promptly to secure his rights once the required payments came due and the issue of the missing QDRO was discovered. To the extent that plaintiff argues that the doctrine of laches also bars defendant's claim for reimbursement, we disagree. See *In re Contempt of United Stationers Supply Co*, 239 Mich App 496, 503-504; 608 NW2d 105 (2000).

Affirmed.[4]

/s/ Anica Letica
/s/ Mark T. Boonstra
/s/ Philip P. Mariani

---

[3] Contrary to plaintiff's argument on appeal, the plaintiff in *Dorko* did not seek repayment of benefits due under the divorce judgment, but only sought to enter a proposed QDRO concerning those benefits. The issue in *Dorko* was thus whether the request for entry of a QDRO was subject to the limitations period of MCL 600.5809(3). The Court held that "although MCL 600.5809(3) does not apply to defendant's request for entry of a proposed QDRO, it *would* apply to any attempts she made to recover retirement benefits plaintiff has received in violation of the substantive requirements of the divorce judgment." *Dorko*, 504 Mich at 78. But as stated, it did not alter the relevant caselaw holding that the limitations period begins when the monetary obligation under the divorce judgment comes due.

[4] Because we affirm the trial court's holding in favor of defendant, we need not address plaintiff's claim that defendant's motion was frivolous, or the accompanying request for attorney fees.